1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17

| | |
|---|---|
| GARRISON S. JOHNSON, | CASE NO.   1:10-cv-02348-LJO-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF NO. 1) |
| CATE, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |
| _____/ | |

18
19

**SCREENING ORDER**

20

**I.    PROCEDURAL HISTORY**

21

Plaintiff Garrison S. Johnson, a state prisoner proceeding pro se, filed this civil rights

22

action on December 16, 2010 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

23

Plaintiff's Complaint is now before the Court for screening.

24

///////

25

///////

26
27

-1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III.   SUMMARY OF COMPLAINT

Plaintiff alleges Defendants have a policy and practice of assigning prison library clerk positions based upon race. (Compl., at 5.) This has prevented African American inmates such a Plaintiff from getting library clerk assignments at Kern Valley State Prison ("KVSP"). As a result, such African American inmates receive inadequate library assistance and there is increased hostility and violence among inmates. (Id. at 4.)

Defendants, in their official and individual capacities are: (1) M. Cate, Secretary for California Department of Corrections and Rehabilitation ("CDCR"), (2) D. Foston, Inmate Appeal Branch, (3) K. Harrington, Warden, (4) M. Biter, Chief Deputy Warden, (5) C. Lawless, Associate Warden, and (6) K. Doran, Lieutenant. (Id. at 6.)

-2-

Plaintiff seeks an injunction directing CDCR to cease its policy and practice of excluding Black inmates from library clerk positions, compensatory and punitive damages and costs and fees. (Id. at 6.)

## IV.   ANALYSIS

### A.   Pleading Requirements Generally

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### B.   Equal Protection

Plaintiff alleges Defendants have a policy and practice of intentionally excluding Black inmates from prison library clerk assignments.

1
2
3
4
5
6
7
8
9
10
11
12
13
14

"The Equal Protection Clause ... is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008). A plaintiff must allege sufficient facts either showing intentional unlawful discrimination or "that are at least susceptible of an inference of discriminatory intent." Byrd v. Maricopa County Sheriff's Dep't, 565 F.3d 1205, 1212 (9th Cir. 2009); see Iqbal, 129 S. Ct. at 1949-50.

15
16
17
18
19
20
21
22
23
24
25
26
27

"Racial discrimination in prisons and jails is unconstitutional under the Fourteenth Amendment, except for "the necessities of prison security and discipline." Walker v. Gomez, 370 F.3d 969, 973 (9th Cir. 2004) (citing Cruz v. Beto, 405 U.S. 319, 321(1972) (quoting Lee v. Washington, 390 U.S. 333, 334 (1968)). Under strict scrutiny standard of review, as applied to government-imposed racial classification challenged on equal protection grounds, government has burden of proving that classification is a narrowly tailored measure that furthers compelling governmental interest. Johnson v. California, 543 U.S. 499, 505 (2005). Although the Equal Protection Clause ensures similarly situated persons are treated alike, it does not ensure absolute equality. Bruce v. Ylst, 351 F.3d 1283, 1288 (citing U.S. v. Devlin, 13 F.3d 1361, 1363 (9th Cir. 1994)) (citing Ross v. Moffitt, 417 U.S. 600, 609, 612 (1974)).

-4-

Here Plaintiff has alleged his belief, but no facts,  indicating Defendants have a policy or practice that intentionally selects library clerks based upon race.  The claim that prison librarians and staff are allowed to select their own clerks is inconsistent with a claim that Defendants' themselves take actions designed to discriminate against one group or another. The complaint alleges no facts attributing the alleged discrimination to any of the named Defendants.[1]

"Where the challenged governmental policy is 'facially neural,' proof of its disproportionate impact on an identifiable group can satisfy the intent requirement only if it tends to show that some invidious or discriminatory purpose underlies the policy." Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001) (citing Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252 (264-66) (1977). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status."  Serrano, 345 F.3d at 1082 (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original). There are no facts of Defendants' underlying discriminatory intent before the Court.

His complaint that non-Black library clerks treat Plaintiff and other Black inmates with disrespect and provide them with inadequate assistance is neither directed against Defendants nor relevant to the underlying equal protection claim against Defendants.[2]

For the foregoing reasons, the Court concludes that Plaintiff has failed to state a claim for relief for violation of his rights to equal protection. The Court will allow him an

---

[1] Under § 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

[2] Compl. at 4.

-5-

1
2
3

opportunity to amend and undertake to  set forth sufficient truthful facts (not just opinion or speculation) to address the deficiencies noted above and attribute specific wrongful acts to each of the Defendants.

4

### C.    Inmate Appeal

5
6
7

Plaintiff alleges he filed a prison appeal concerning indifference and disrespect by non-Black library clerks and requesting that library clerk assignments be racially balanced.[3]

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

Defendants' actions in responding to Plaintiff's appeal alone cannot give rise to any claim for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); see also  Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); accord Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[The grievance procedure] does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F.Supp. at 10; accord Spencer v. Moore, 638 F.Supp. 315, 316 (E.D.Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 claim. Buckley, 997 F.2d at 495.

23
24

Since he has neither a liberty interest nor a substantive right to the procedures involved in inmate appeals, Plaintiff fails to state a claim in this regard. Amendment of this

25
26
27

[3] Compl. at 5.

claim would be futile.  Leave to amend is denied.

   **D.   Injunctive Relief**

   Plaintiff seeks injunctive relief directing CDCR to cease its policy and practice of excluding Black inmates from library clerk positions. He fails to satisfy the legal prerequisites for injunctive relief.

   Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. (citing Munaf v. Geren, 553 U.S. 674, 689–90 (2008)).

   In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

   Plaintiff has not demonstrated that he will succeed on the merits of his case. His Complaint fails to state a cognizable claim. There are no factual allegations of real and immediate threat of injury and irreparable harm.

   Plaintiff does not address the third or fourth elements, i.e., the balancing of equities and public interest concerns. First, absent a showing sufficient to find harm to Plaintiff, there is nothing to tip the balance of equities in Plaintiff's favor. Second, there are no facts demonstrating that injunctive relief would be in the public interest. The record before the Court does not justify the Court substituting its judgment for that of prison staff.

1
2
3

The various criteria not having been met, Plaintiff is not entitled to injunctive relief. The Court will allow an opportunity to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing the above noted elements

4

## V.    CONCLUSION AND ORDER

5
6
7
8

Plaintiff's Complaint does not state a claim for relief under § 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

9
10
11
12
13
14

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter ... to 'state a claim that is plausible on its face.'"Id. at 1949 (quoting Twombly, 550 U.S. at 555.) Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

15
16
17
18

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

19
20
21
22
23
24
25
26
27

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint" refer to the

1  appropriate case number, and be an original signed under penalty of perjury. Plaintiff's

2  amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the

3  "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level

4  ...." Twombly, 550 U.S. at 555.

        Based on the foregoing, it is **HEREBY ORDERED** that:

    1.    The Clerk's Office shall send Plaintiff (1) a blank civil rights amended

          complaint form and (2) a copy of his Complaint, filed December 16, 2010,

    2.    Plaintiff's Complaint is dismissed for failure to state a claim upon which relief

          may be granted,

    3.    Plaintiff shall file an amended complaint within thirty (30) days from service

          of this order, and

    4.    If Plaintiff fails to file an amended complaint in compliance with this order, this

          action shall be dismissed, with prejudice, for failure to state a claim and failure

          to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. §

          1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).


IT IS SO ORDERED.

Dated:    April 17, 2012             /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE