# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CATE, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE No.   1:10-cv-02348-LJO-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS FOR SERVICE BY UNITED STATES MARSHALL<br><br>(ECF No. 18)<br><br>ORDER EXTENDING SERVICE DEADLINE TO FEBRUARY 6, 2013<br><br>CLERK TO RE-ISSUE SERVICE DOCUMENTS |

　　　Plaintiff Garrison S. Johnson is a state prisoner proceeding pro se in this civil rights action filed December 16, 2010, pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1). This matter proceeds on Plaintiff's First Amended Complaint (First Am. Compl., ECF No. 8) against Defendant Doran on a claim for violation of the Fourteenth Amendment Equal Protection Clause. (Order Requiring Plaintiff Amend or Notify, ECF No. 9; Notice, ECF No. 10). On July 6, 2012, the Court issued its order instructing Plaintiff, who is not proceeding in forma pauperis, on service of process and directing that service be completed by November 7, 2012.[1] (Order Instructing, ECF No. 13).

　　　On November 2, 2012, Plaintiff filed a motion for permission to proceed in forma pauperis for service of summons and complaint by the United States Marshall (Mot. for IFP

---

[1] Plaintiff has paid the filing fee in full for initiating this action. Receipt No. CAE100013403.

1

re Service, ECF 15). That motion is now before the Court.

Because Plaintiff is not proceeding in forma pauperis, it is his responsibility to effect service of the summons and First Amended Complaint on Defendant Doran. Fed. R. Civ. P. 4; 28 U.S.C. § 1915(d). Plaintiff's instant Motion, construed as a request for service by the U.S. Marshall shall be denied. Fed. R. Civ. P. 4(d).

Nothing before the Court suggests that Plaintiff can not effect service of process. Plaintiff filed a proof of service (P.O.S., ECF No. 15) on October 12, 2012.[2] The proof indicates Plaintiff attempted service, but does not show proper service under federal or state law. Fed. R. Civ. P. 4(e); Cal. Civ. Proc. Code §§ 415.10 et seq. & 417.10 et seq.

The Court does, however, find good cause to extend and does extend the service deadline. Fed. R. Civ. P. 4(m); See Wei v. State of Hawaii, 763 F.2d 370, 372 ("good cause" may be found where service attempted but not completed, or where plaintiff was prevented from serving defendants by factors beyond his control). Pro se litigants are allowed more latitude than represented litigants to correct defects in service of process and pleadings. Moore v. Agency for Int'l Development 994 F.2d 874, 876 (D.C. Cir. 1993).

Accordingly, for the foregoing reasons, it is hereby ordered that:

1. Plaintiff's motion for permission to proceed in forma pauperis for service of summons and complaint by the United States Marshall (ECF No. 15) is DENIED without prejudice,

2. The Clerk of the Court is directed to re-issue and send Plaintiff:
   a) One (1) summons;
   b) One (1) copy of the form entitled "Notice of Lawsuit and Request for Waiver of Service of Summons";
   c) One (1) copy of the form entitled "Waiver of Service";
   d) One (1) copy of the form entitled "Consent to Proceed Before United

---

[2] The Court takes judicial notice of its own records. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

2

1            States Magistrate Judge" with instructions; and

2        e)   One (1) copy of Rule 4 of the Federal Rules of Civil Procedure,

3   3.   Plaintiff shall serve a copy of this order and a copy of the form "Consent to Proceed Before United States Magistrate Judge" on Defendant at the time of service of the summons and the First Amended Complaint,

4.   Plaintiff shall complete service of process on Defendant Doran by not later than February 6, 2013, and

5.   Plaintiff's failure to timely complete service of the First Amended Complaint on Defendant Doran may result in dismissal of this action. Fed. R. Civ. P. 4(m).

IT IS SO ORDERED.

Dated:   November 14, 2012            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE