# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> CATE, et al., <br><br> Defendants. | CASE No. 1:10-cv-02348-LJO-MJS (PC) <br><br> ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT <br><br> (ECF Nos. 20, 21) |

**I.     PROCEDURAL HISTORY**

Plaintiff Garrison S. Johnson is a state prisoner proceeding pro se in this civil rights action filed December 16, 2010, pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff has declined Magistrate Judge jurisdiction. (Decline Magistrate, ECF No. 3.)

This matter proceeds on Plaintiff's First Amended Complaint (First Am. Compl., ECF No. 8) against Defendant Doran for violation of Plaintiff's rights under the Fourteenth Amendment Equal Protection Clause. (Order Requiring Plaintiff Amend or Notify, ECF No. 9; Notice, ECF No. 10.)

On July 6, 2012, the Court issued its order instructing Plaintiff, who is not proceeding in forma pauperis, on service of process and directing that service be

1

1 completed on Defendant Doran (the only remaining Defendant) by November 7, 2012.[1] (Order Instructing, ECF No. 13.) On November 14, 2012, the Court denied Plaintiff's motion for permission to proceed in forma pauperis for service of summons and complaint by the United States Marshall, but extended the service deadline to February 6, 2013 and ordered the Court Clerk to re-issue service instructions and documents. (Order Den. Mot. for IFP re Service, ECF 19.)

Pending before the Court are Plaintiff's requests for entry of default (Req. Entry Default, ECF No. 20), and default judgment against Defendant Doran. (Req. Entry Default J., ECF No. 21.)

## II. **LEGAL STANDARD**

Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Rule 55(b)(2) provides that the Court may grant a default judgment after default has been entered by the Clerk of the Court.

When considering whether to enter a default judgment, the court should consider "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986; see also Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996); Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1989). "[T]he general rule disfavors default judgments. Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472.

---

[1] Plaintiff has paid the filing fee in full for initiating this action. Receipt No. CAE100013403.

2

## III. ANALYSIS

Plaintiff is not entitled to entry of default because he has not demonstrated that the Defendant has been effectively served with process. Absent service, the Court has no jurisdiction over a defendant. Action Embroidery Corp. v. Atlantic Embroidery, Inc., 368 F.3d 1174, 1177 (9th Cir. 2004); see also Harry and David v. J & P Acquisition, Inc., 865 F.Supp.2d 494, 500 (D. Del. 2011) (absent proper service a defendant is not legally called to answer and entry of default is void.)

There is no evidence that Plaintiff legally effected service of process upon Defendant Doran and thereby triggered Defendant's legal obligation to respond to Plaintiff's First Amended Complaint. Fed. R. Civ. P. 4(d), (e); Fed. R. Civ. P. 55(a). Plaintiff was previously advised (in the order denying motion to proceed in forma pauperis for service) that the proof of service filed on October 12, 2012 (P.O.S., ECF No. 15),[2] does not demonstrate proper service under federal or state law. Fed. R. Civ. P. 4(e); Cal. Civ. Proc. Code §§ 415.10 et seq. & 417.10 et seq.

Because Plaintiff is not proceeding in forma pauperis, it is his responsibility to effect service of the summons and First Amended Complaint on Defendant. Fed. R. Civ. P. 4; 28 U.S.C. § 1915(d). The Court has extended the deadline for Plaintiff to serve until February 6, 2013 and re-issued service instructions and documents.

Plaintiff's instant motions are clearly premature. Until and unless Defendant is in default, Plaintiff may not seek entry of default and judgment thereon.

////////
////////
////////
////////
////////

---

[2] The Court takes judicial notice of its own records. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

3

## IV. ORDER

Accordingly, for the reasons stated above, it is HEREBY ORDERED THAT Plaintiff's motions for entry of default and default judgment, (ECF Nos. 20, 21) are DENIED without prejudice.

IT IS SO ORDERED.

Dated: November 30, 2012

/s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE