# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>CATE, et al.,<br><br>    Defendants. | Case No. 1:10-cv-02348-LJO-MJS (PC)<br><br>**ORDER PROVIDING DEFENDANT DORAN WITH THE OPPORTUNITY TO SHOW GOOD CAUSE FOR FAILING TO WAIVE SERVICE**<br><br>**(ECF No. 35)** |

Plaintiff Garrison S. Johnson is a state prisoner proceeding pro se in this civil rights action on December 16, 2010 pursuant to 42 U.S.C. § 1983. This matter proceeds against Defendant Doran for violation of Plaintiff's rights under the Fourteenth Amendment Equal Protection Clause.

The Court ordered Plaintiff, who is not proceeding in forma pauperis, to serve process upon Defendant by not later than April 22, 2013. (ECF Nos. 13, 19, 24, 27.) Plaintiff was instructed he could serve Defendant by requesting a waiver of service, Fed. R. Civ. P. 4(d)(1), and that if Defendant failed to return the waiver of service form, then Plaintiff must effect personal service. (ECF No. 13.)

Plaintiff caused Defendant to be personally served by process server on March 14, 2013. (ECF No. 26.)

On August 12, 2013, Plaintiff filed a motion to recover the forty dollar ($40.00) cost of personal service on grounds Defendant failed to provide waiver of service as required by

Federal Rules of Civil Procedure 4(d)(2). Plaintiff claims in his motion he requested waiver of service in the manner provided by Rule 4(d)(2) but that Defendant did not return a waiver, necessitating personal service. Defendant has not responded to the motion and the time for doing so has expired. Local Rule 230(*l*).

Rule 4 provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service. . . ." Fed. R. Civ. P. 4(d)(2)(A).

It appears that Defendant was given the opportunity required by Rule 4(d)(1) to waive service, but he failed to sign and return his waiver. The Court shall provide Defendant with the opportunity to show good cause for failing to waive service. If Defendant either fails to respond to this order or responds but fails to show good cause, the costs incurred in effecting service shall be imposed on Defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Doran may, within thirty (30) days from the date of this order, show good cause for failing to waive service; and

2. If Defendant either fails to respond to this order or responds but fails to show good cause, the Court shall impose upon Defendant Doran the costs incurred in effecting service.

IT IS SO ORDERED.

Dated: September 10, 2013         /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE