# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>           Plaintiff,<br><br>   v.<br><br>CATE, et al.,<br><br>           Defendants. | Case No. 1:10-cv-02348-LJO-MJS (PC)<br><br>**ORDER (1) DISCHARGING ORDER TO SHOW CAUSE, and (2) DENYING PLAINTIFF'S MOTION FOR COSTS OF PERSONAL SERVICE**<br><br>**(ECF Nos. 35 & 36)** |

Plaintiff Garrison S. Johnson is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds against Defendant Doran for violation of Plaintiff's rights under the Equal Protection Clause.

The Court ordered Plaintiff, who is not proceeding in forma pauperis, to serve process upon Defendant. Plaintiff was instructed he could serve Defendant by requesting a waiver of service, Fed. R. Civ. P. 4(d)(1), and that if Defendant failed to return the waiver of service form, then Plaintiff must effect personal service. Plaintiff filed a return of summons showing Defendant was personally served by a process server on March 14, 2013.

Before the Court is Plaintiff's motion to recover the forty dollar ($40.00) cost of personal service on grounds Defendant failed to provide waiver of service as required by Federal Rules of Civil Procedure 4(d). (ECF No. 35.) The Court ordered Defendant to show

1

1   cause why the motion should not be granted. (ECF No. 36.) Defendant filed a response.

2   (ECF No. 38.) Plaintiff filed a reply which, though untimely, has been considered. (ECF No.

3   39.) The matter is deemed submitted. Local Rule 230(*l*).

4   **I        ARGUMENTS**

5            **A.        Plaintiff's Position**

6            Plaintiff contends:

7            On November 27, 2012 and on another day he does not recall, he sent by regular

8   prison mail an original and copy of a waiver of service of summons, acknowledgment of

9   service form, and a pre-paid self-addressed envelope to Defendant at Kern Valley State

10  Prison (KVSP). Defendant did not respond and agree to waive service. On March 14, 2013,

11  Plaintiff had Defendant personally served by a process server at a cost of forty dollars

12  ($40). The cost of service should be reimbursed to Plaintiff pursuant to Rule 4(d)(2).

13           **B.        Defendant's Position**

14           Defendant contends:

15           Plaintiff did not submit a waiver of service form to him in November 2012. The legal

16  mail log at Plaintiff's institution does not show Plaintiff mailed the waiver; the litigation

17  coordinator at KVSP did not receive the waiver; and Plaintiff's process server did not serve

18  the waiver.

19  **II.      ANALYSIS**

20           **A.        Legal Standard**

21           Rule 4 provides that "[a]n individual, corporation, or association that is subject to

22  service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the

23  summons."  Fed. R. Civ. P. 4(d)(1). "If a defendant located within the United States fails,

24  without good cause, to sign and return a waiver requested by a plaintiff located within the

25  United States, the court must impose on the defendant . . . the expenses later incurred in

26  making service. . . ." Fed. R. Civ. P. 4(d)(2)(A).

27           **B.        Plaintiff Not Entitled to Service Costs**

28           A waiver of service notice and request must be addressed to the defendant and

include a copy of the complaint. Fed. R. Civ. P. 4(d)(1). Plaintiff has not demonstrated he complied with the requirements of Rule 4(d)(1). He does not identify the address to which he mailed the waiver request nor indicate whether he included a copy of the complaint with his mailing. Thus the Court is unable to determine that the waiver request was properly served.

Defendant has submitted evidence he never received the waiver request. A defendant actually must receive the waiver and complaint by mail, and fail to respond, before becoming liable for the payment of costs of personal service. Fed. R. Civ. P. 4(d); see e.g., Henry v. Glaize Maryland Orchards, Inc., 103 F.R.D. 589, 591 (D.C. Md. 1984) (failure to receive summons and complaint under former service by mail provision is good cause to avoid the imposition of Rule 4 service costs).

The Court, on the record before it, can not find Plaintiff is entitled to service costs pursuant to Rule 4(d).

**III.    ORDER**

Accordingly, for the reasons stated above, it is HEREBY ORDERED that:

1.      The order to show cause (ECF No. 36) is DISCHARGED; and

2.      Plaintiff's motion for costs of personal service (ECF No. 35) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:    November 11, 2013            /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE

3