# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>CATE, et al.,<br><br>    Defendants. | Case No. 1:10-cv-02348-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS THAT DEFENDANT DORAN'S MOTIONS FOR (1) SANCTION FOR FAILURE TO DISCLOSE LITIGATION HISTORY, and (2) DISMISSAL OF ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES BE DENIED**<br><br>**(ECF No. 32)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS** |

Plaintiff Garrison S. Johnson is a state prisoner proceeding pro se in this civil rights action filed December 16, 2010 pursuant to 42 U.S.C. § 1983. The action proceeds against Defendant Doran for violation of Plaintiff's rights under the Fourteenth Amendment Equal Protection Clause.

Defendant Doran has moved to dismiss the case on grounds Plaintiff failed to disclose his litigation history and failed to exhaust available administrative remedies. (ECF No. 32.) Plaintiff filed opposition. (ECF No. 33.) Defendant filed a reply. (ECF No. 34.) The matter is now submitted for ruling. Local Rule 230*(l)*.

1

## I. LITIGATION HISTORY NON-DISCLOSURE

### A. Arguments

#### 1. Defendant's Position

Defendant argues Plaintiff materially misrepresented his litigation history in violation of Federal Rule of Civil Procedure 11(b) and that his case should therefore be dismissed pursuant to Rule 41(b).

According to Defendant, Plaintiff's underlying pleading discloses only one prior action filed by Plaintiff. In truth Plaintiff has filed eighteen other actions; thirteen of those contain similar claims of only having filed one other action.[1]

Defendant contends that Plaintiff's intentional concealment of his civil rights litigation history warrants dismissal of this action with prejudice.

#### 2. Plaintiff's Position

Plaintiff argues prison rules allow him to possess only seven active case files. The balance of his litigation files are stored at his mother's house and unavailable to him. He listed only one lawsuit because "that case involved an equal protection of the law claim." (Pl.'s Opp'n, ECF No. 33, at 7.)

Plaintiff seeks leave to cure the non-disclosure pursuant to Rule 11(c)(1)(A) by amending to add the eighteen cases identified by Defendant.

Plaintiff also argues Rule 41 dismissal is discretionary and not appropriate here because the non-disclosure does not interfere with the administration of justice in this case.

### B. Legal Standard

By submitting a pleading, a party certifies that, to the best of his/her knowledge, upon reasonable inquiry, it is not presented for any improper purpose, the legal contentions are warranted and the factual contentions have evidentiary support. Fed. R. Civ. P. 11.

The standard for triggering a violation under Rule 11 is objective unreasonableness, Margo v. Weiss, 213 F.3d 55, 65 (2d Cir. 2000), i.e. whether a reasonable attorney, upon

---

[1] The Court takes judicial notice of its own records. Fed. R. Civ. P. 201(d); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1 an objectively reasonable inquiry into the facts and law, would have concluded the position
2 taken was well-founded. Truesdell v. Southern California Permanente Medical Group, 209
3 F.R.D. 169, 174 (C.D. Cal. 2002). A court considering Rule 11 sanction should consider
4 whether a position taken was frivolous, legally unreasonable, or without factual foundation
5 even if not filed in bad faith. Id.

6 Where a plaintiff fails to comply with Rule 11, defendant may move to dismiss the
7 action or any claim against it. Fed. R. Civ. P. 41(b).

### C. Non-Disclosure Sanction Should Be Denied

9 Defendant argues, the record suggests, and Plaintiff appears to concede that he has
10 violated Rule 11 by knowingly understating his litigation history. A knowing nondisclosure,
11 apparently replicated in many other actions filed by Plaintiff, suggests an improper purpose.

12 Nonetheless, sanction should not be imposed in this case. First, the motion is
13 procedurally defective. Defendant has not complied with the requirement that a motion for
14 sanction be brought separately from other motions and he did not give notice of the motion
15 twenty-one days before filing it with the Court. Fed. R. Civ. P. 11(c)(2); see Diamonds.net
16 LLC v. Idex Online, Ltd., 254 F.R.D. 475, 476 (S.D.N.Y. 2008) (movants not entitled to
17 sanction since movants failed to comply with Rule 11's procedural requirements mandating
18 that motion for sanction be made separately from any other motion, and that motion be
19 served on the opposing party twenty-one days before it was filed with the court).

20 Secondly, it does not appear Defendant has been prejudiced by the failure to
21 disclose litigation history. Defendant does not contend the ligation history relates to any
22 legal or factual issue in this case or that its non-disclosure impacted any party or the Court.
23 Plaintiff has here paid the filing fee and is not asking to proceed in forma pauperis, so
24 Prison Litigation Reform Act (PLRA) "three strikes" disclosure is not in issue. The litigation
25 history is a matter of public record, readily available to and accessed by Defendant.

26 Thirdly, Plaintiff is a prisoner proceeding in pro se and entitled to liberal construal of
27 pleadings in his favor. The rule of liberal construction is "particularly important in civil rights
28 cases", Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992), and applies to "plaintiff's

3

factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).

Finally, sanctions are meant to deter baseless filings, Photocircuits Corp. v. Marathon Agents, Inc., 162 F.R.D. 449, 451 (E.D.N.Y. 1995), and only as necessary to deter repetition of the conduct or comparable conduct by others similarly situated. The instant nondisclosure does not render the pleading baseless; a prima facie equal protection claim has been stated. Nor is dismissal, the sanction requested by Defendant, the minimum necessary deterrent.

Imposition of Rule 11 sanctions is "at its core . . . a judgment call" for the court to make. Kale v. Combined Ins. Co. of America, 861 F.2d 746, 758 (1st Cir. 1988). For the reasons stated, the Court should exercise its discretion to decline sanction under Rules 11 and 41 as procedurally deficient and substantively unnecessary.

Nevertheless, Plaintiff should be admonished that his arguably known misrepresentation is offensive and distressing to the Court. It will review future representations by Plaintiff with heightened scrutiny. Misleading action subject to sanction will be dealt with appropriately.

## II.   MOTION TO DISMISS

### A.   Arguments

#### 1.   Defendant's Position

Defendant argues that Plaintiff did not properly exhaust through administrative channels his claim he was denied a law library clerk assignment because of his race. The gravamen of such an equal protection claim is that Plaintiff was qualified for the law clerk position denied solely because he is African American. The administrative appeal relied upon by Plaintiff for PLRA exhaustion, Appeal No. KVSP -09- 02023, fails to allege that Plaintiff "personally" was excluded from a law clerk position, but rather complains generally of discrimination against African Americans in filling the clerk position. This is a failure to properly exhaust administrative remedies and necessitates dismissal of the action.

#### 2.   Plaintiff's Position

Plaintiff argues that Appeal No. KVSP -09- 02023 was exhausted at the third level.

He also claims he and other blacks were excluded from the library clerk position because of their race, precluding racial balance in the position and causing him to suffer indifference and disrespect.

### B. Legal Standard

The PLRA stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). The Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, the exhaustion of remedies is required, regardless of the relief sought by the prisoner, as long as the administrative process can provide some sort of relief on the prisoner's complaint. Booth v. Churner, 532 U.S. 731, 741 (2001).

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints; the process is initiated by submitting a CDCR Form 602. Cal. Code Regs., tit. 15, §§ 3084.1, 3084.2(a). During the time relevant to this case, four levels of appeal existed: an informal level, a first formal level, a second formal level, and a third formal level, also known as the "Director's Level." Id. at §§ 3084.5, 3084.6(c). Each successive appeal had to be submitted within fifteen working days of the event being appealed. Id. To properly exhaust administrative remedies, a prisoner must comply with the deadlines and other applicable procedural rules. Woodford v. Ngo, 548 U.S. 81, 93 (2006).

The exhaustion requirement of § 1997e(a) is not a pleading requirement, but rather an affirmative defense. Defendants have the burden of proving Plaintiff failed to exhaust the available administrative remedies before filing a complaint in the district court. Jones, 549 U.S. at 216 (2007). A motion raising a prisoner's failure to exhaust administrative remedies

is properly asserted by way of an unenumerated motion under Rule 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003); Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998). In determining whether a case should be dismissed for failure to exhaust administrative remedies, "the court may look beyond the pleadings and decide disputed issues of fact" in a procedure that is "closely analogous to summary judgment." Wyatt, 315 F.3d at 1119–20. When the court concludes the prisoner has not exhausted all of his available administrative remedies, "the proper remedy is dismissal without prejudice." Id.

### C. Defendant's Motion To Dismiss Should Be Denied

On review of the record, the undersigned finds that Plaintiff's underlying equal protection claim relates to racial imbalance at the prison which subjected Plaintiff to discrimination and harm. The court also finds that Appeal No. KVSP -09- 02023 exhausted that claim at the third level.

Specifically, Plaintiff filed this action on December 16, 2010, claiming that beginning in 2009 Defendant denied African Americans, including Plaintiff, positions as law library clerks. (ECF No. 8 at 4-6.) As a result, Plaintiff has suffered from racial imbalance and discrimination, racial hostility, tension, violence, and emotional harm. (Id.) To have properly exhausted this claim, Plaintiff must have submitted an inmate appeal regarding the claim and obtained a third level decision prior to December 16, 2010. Woodford, 548 U.S. at 85–86 (2006); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

It is without dispute that on November 8, 2009, Plaintiff appealed the exclusion of black law clerks by Defendant's office, requested law clerks be racially balanced, and asserted that he, a black inmate, had been subjected to indifference and disrespect in the library as a result. (ECF 32-5, Lozano Decl., at Ex. A.) Plaintiff received a denial of Appeal No. KVSP -09- 02023 at the third (Director's) level on October 27, 2010. Id.

Appeal No. KVSP -09- 02023 put prison officials on notice of Defendant's alleged discrimination against blacks, failure to achieve racial balance in law clerk positions, and harm to Plaintiff and other black inmates. Plaintiff provided prison officials an opportunity for

6

administrative resolution. This satisfied the legislative purpose behind PLRA exhaustion, namely to alert the prison to a problem and give the prison an opportunity to resolve it; the appeal need not lay the groundwork for litigation. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009); see also Woodford, 548 U.S. at 88. In California, inmates are required only to describe the problem and the action requested. Cal. Code Regs. tit. 15 § 3084.2(a). This Plaintiff accomplished through the third level. An appeal need not lay out the facts, articulate legal theories, or demand particular relief; all the appeal need do is object intelligibly to some asserted shortcoming. Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002).

For the reasons stated above, Defendant is not entitled to dismissal of the action based upon failure to exhaust administrative remedies.

### III.     CONCLUSIONS AND RECOMMENDATIONS

The Court should exercise its discretion and decline sanction under Rules 11 and 41 as procedurally deficient and substantively unnecessary. However, Plaintiff should be admonished that his arguably known misrepresentation of facts is offensive and distressing to the Court, that future representations by Plaintiff will be reviewed with heightened scrutiny, and that misleading action subject to sanction will be dealt with appropriately.

The Fourteenth Amendment equal protection claim on which Plaintiff is currently proceeding was properly exhausted.

Accordingly, for the reasons stated above, the undersigned RECOMMENDS that Defendant's motion for non-disclosure sanction and to dismiss the action for failure to exhaust (ECF No. 32) should be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen

(14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 14, 2013              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE