# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CATE, et al.,<br><br>Defendants. | Case No. 1:10-cv-02348-LJO-MJS (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DENYING DEFENDANT DORAN'S MOTION FOR (1) SANCTION FOR FAILURE TO DISCLOSE LITIGATION HISTORY, and (2) DISMISSAL OF ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>**(ECF No. 41)**<br><br>**CASE TO REMAIN OPEN** |

Plaintiff Garrison S. Johnson is a state prisoner proceeding pro se in this civil rights action filed December 16, 2010 pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

On November 15, 2013, the Magistrate Judge issued findings and recommendations (ECF No. 41) that Defendant Doran's May 20, 2013 motion for non-disclosure sanction and to dismiss the action for failure to exhaust (ECF No. 32) be denied and the Plaintiff be

1

1 admonished against misrepresentations of facts in future filings. On December 2, 2013,
2 Defendant Doran filed objections to the findings and recommendations. (ECF No. 42.)
3 Plaintiff did not reply to the objections and the time for doing so has passed. (ECF No. 41 at
4 7:28-8:1.)

5     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has
6 conducted a de novo review of this case. Having carefully reviewed the entire file, the Court
7 finds the findings and recommendations to be supported by the record and by proper
8 analysis.

9     The objections, which relate only to the motion to dismiss, re-hash Defendant's
10 argued disparity between claims exhausted and those asserted in the pleading. This line of
11 argument was previously considered and found deficient by the Magistrate Judge in the
12 findings and recommendations.

13     These re-arguments do not raise an issue of law or fact under the findings and
14 recommendations. It remains that Plaintiff exhausted, under the Prison Litigation Reform
15 Act, claimed racial imbalance at the prison, putting prison officials on notice of Defendant's
16 alleged discrimination against blacks, failure to achieve racial balance in law clerk
17 positions, and harm to Plaintiff and other black inmates, and providing pre-litigation
18 opportunity to resolve the matter. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).

19     Defendant also objects to the Magistrate Judge's reliance on out of circuit authority,
20 Strong v. David, 297 F.3d 646 (7th Cir. 2002). However, the Ninth Circuit has expressly
21 adopted the standard in Strong. See Griffin, 557 F.3d at 1120, adopting Strong, 297 F.3d at
22 650 (when a prison's grievance procedures are silent or incomplete as to factual specificity,
23 "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is
24 sought.").

25     Accordingly, it is HEREBY ORDERED that:
26     1.    The Court adopts the findings and recommendations filed on November 15,
27         2013 (ECF No. 41) in full,
28     2.    Defendant Doran's May 20, 2013 motion for non-disclosure sanction and to

dismiss the action for failure to exhaust (ECF No. 32) is DENIED,

3. Plaintiff is admonished against misrepresentations of facts in future filings, and

4. The case shall remain open.

IT IS SO ORDERED.

Dated: **December 27, 2013**     /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE