# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON, | Case No. 1:10-cv-02348-LJO-MJS (PC) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES** |
| v. | |
| CATE, et al., | **(ECF No. 51)** |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. The action proceeds on an equal protection claim against Defendant Doran.

Before the Court is Plaintiff's motion to compel further responses to his first set of interrogatories. He claims the responses received from Defendant were not verified and are not full and complete.

**I.  LEGAL STANDARDS**

    **A.  Discovery Motions**

The discovery process is subject to the overriding limitation of good faith. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981). Parties may obtain

discovery regarding any non-privileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, 2012 WL 113799, at *1 (E.D. Cal. Jan.13, 2012); Mitchell v. Felker, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

Courts in the Eastern District of California have required, "at a minimum, [that] the moving party plaintiff has the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the defendant's responses are disputed, (3) why he believes the defendant's responses are deficient, (4) why the defendant's objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action." Walker v. Karelas, 2009 WL 3075575, at *1 (E.D. Cal. Sep. 21, 2009); Brooks v. Alameida, 2009 WL 331358, at *2 (E.D. Cal. Feb. 10, 2009).

The court must limit discovery if the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). "In each instance [of discovery], the determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 Advisory

2

Committee's note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).

### B.  Interrogatories

A party may propound interrogatories relating to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a).

The responding party is obligated to respond to the interrogatories to the fullest extent possible. See Fed. R. Civ. P. 33(b)(3). Any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(4). The responding party shall use common sense and reason in its responses; hyper-technical, quibbling, or evasive objections will not be viewed favorably by the court. Haney v. Saldana, 2010 WL 3341939 at *3 (E.D. Cal. Aug.24, 2010). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

All grounds for objection to an interrogatory must be stated "with specificity." Fed. R. Civ. P. 33(b)(4); see Nagele v. Electronic Data Systems Corp., 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (objection that interrogatories were "burdensome" overruled because objecting party failed to "particularize" the basis for objection); see also Mancia v. Mayflower Textile Services Co., 253 F.R.D. 354, 358 (D.Md. 2008) (boiler-plate objections waived any legitimate objections responding party may have had); Chubb Integrated Sys., Ltd. v. National Bank of Wash., 103 F.R.D. 52, 58 (D.D.C. 1984) (the objecting party must state reasons for any objection, "irrelevant" did not fulfill party's burden to explain its objections); Mitchell v. National R.R. Passenger Corp., 208 F.R.D. 455, 458 at n.4 (D.D.C. 2002) (objections must explain how request or interrogatory is overbroad or unduly burdensome); Pulsecard, Inc. v. Discovery Card Services, Inc., 168 F.R.D. 295, 310 (D. Kan. 1996) (objection on grounds as vague and ambiguous overruled if reason and

common sense to attribute ordinary definitions to terms and phrases provided needed clarity).

## II. DISCUSSION

Procedural deficiencies in Plaintiff's motion leave the Court unable to grant it. Plaintiff does not identify which interrogatories, responses and objections are in issue and why. He does not include Defendant's responses or objections. In short, there is insufficient information to enable the Court to evaluate whether or not he is entitled to any relief. Accordingly, his motion must be denied.

The motion will be denied without prejudice to Plaintiff refiling it in a manner that complies with the Federal Rules of Civil Procedure and Local Rules.

## III. ORDER

Accordingly, for the reasons stated, it is HEREBY ORDERED that Plaintiff's motion to compel further responses to his set one interrogatories (ECF No. 51) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   April 11, 2014                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE