# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CATE, et al.,<br><br>　　　　　Defendants. | Case No. 1:10-cv-02348-LJO-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR MARSHAL'S SERVICE OF SUBPOENA DUCES TECUM**<br><br>**(ECF No. 52)**<br><br>**CLERK TO REFUND PLAINTIFF $8** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. The action proceeds on an equal protection claim against Defendant Doran, Inmate Assignment Lieutenant at Kern Valley State Prison.

Before the Court is Plaintiff's motion that the United States Marshal serve a subpoena duces tecum provided with his motion upon nonparty, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"). The subpoena provides for production and copying, by Plaintiff at California State Prison-Lancaster, of specified categories of documents and electronically stored information. Plaintiff also submitted an $8 payment to cover service costs.

**I.　DISCUSSION**

### A. <u>Discovery Subpoena</u>

Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents or electronically stored information from a nonparty, Fed. R. Civ. P. 34(c); Fed. R. Civ. P. 45, relevant to his claim. Fed. R. Civ. P. 26(b).

However, the Court will consider granting such a request only if the documents or electronically stored information sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendant through a request for the production. Fed. R. Civ. P. 34. If Defendant objects to Plaintiff's discovery request, a motion to compel is the next required step. If the Court rules that the documents or electronically stored information are discoverable but Defendant does not have care, custody, and control of them, Plaintiff may then seek a subpoena of a nonparty. Alternatively, if the Court rules that the documents and electronically stored information are not discoverable, the inquiry ends.

The Court will not issue a subpoena for a nonparty individual without Plaintiff first following the procedure outlined above. Here the request for documents and electronically stored information attached to the subpoena appears to be directed to the Defendant. However it is unclear whether it has been served upon Defendant and if so how he responded, if at all.

Plaintiff should note issuance of a subpoena for production of documents or electronically stored information is limited to a place within 100 miles of where the person resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(c)(2)(A). It does not appear Plaintiff's proffered subpoena meets this requirement.

### B. <u>Service by Marshal</u>

Plaintiff is not proceeding in forma pauperis ("IFP") and is not entitled to Marshal's service of the subpoena under the IFP statute. 28 U.S.C. § 1915(d). He asserts that Marshal's service is appropriate under 28 U.S.C. § 1921. That statute does not support his position because it allows only for collection of fees by the Marshal. He offers no other basis for the Marshal to serve his subpoena.

It is Plaintiff's responsibility to serve discovery. The previously issued Discovery and Scheduling Order provides that "discovery requests are to be served by the parties pursuant to Federal Rule of Civil Procedure 5, 7, 11, 16, 26-36, and Local Rule 135; they are to be filed when required by Local Rules 250.2, 250.3, and 250.4." (ECF No. 48, at 1:19-2:9.)

Nothing before the Court suggests Plaintiff cannot serve discovery.

## II. CONCLUSION AND ORDER

Plaintiff has not demonstrated that he needs and is entitled to Marshal's service of a discovery subpoena.

Accordingly, for the reasons stated, it is HEREBY ORDERED that:

1. Plaintiff's motion for Marshal's service of subpoena duces tecum (ECF No. 52) is DENIED without prejudice to refiling consistent with the above standards, and

2. The Clerk of the Court is directed to refund to Plaintiff the $8 payment he made to the Court.

IT IS SO ORDERED.

Dated:   April 17, 2014                         /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE