# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GARRISON S. JOHNSON,

Plaintiff,

v.

CATE, et al.,

Defendants.

Case No. 1:10-cv-02348-LJO-MJS (PC)

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSE TO REQUESTS FOR PRODUCTION, SET ONE**

**(ECF No. 55)**

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSE TO INTERROGATORIES, SET ONE**

**(ECF No. 57)**

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSE TO INTERROGATORIES, SET TWO**

**(ECF No. 60)**

**ORDER DENYING PARTIES' CROSS-MOTIONS FOR SANCTIONS**

**(ECF Nos. 60, 63)**

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. The action proceeds on an equal protection claim against Defendant Doran, Inmate Assignment Lieutenant at Kern Valley State Prison.

Plaintiff has filed the following discovery motions which are now before the Court:

(1) an April 18, 2014 motion to compel further response to Request for Production, Set One, Number 5, (2) a May 5, 2014 motion to compel further response to Interrogatories, Set One, Numbers 10-12, 14-15 and 17, (3) a May 23, 2014 motion to compel further response to Interrogatories, Set Two, Numbers 2B.1-B.4, 3-7. The motions are fully briefed. Both parties seek Rule 37 monetary sanctions from their opponent. The Court is ready to rule. Local Rule 230(*l*).

**I. LEGAL STANDARDS - DISCOVERY MOTIONS**

The discovery process is subject to the overriding limitation of good faith. *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981). Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., *Grabek v. Dickinson*, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Mitchell v. Felker*, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. *Grabek*, 2012 WL 113799, at *1; *Womack v. Virga*, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

Courts in the Eastern District of California have required, “at a minimum, [that] the moving party plaintiff has the burden of informing the court (1) which discovery requests are

the subject of his motion to compel, (2) which of the defendant's responses are disputed, (3) why he believes the defendant's responses are deficient, (4) why the defendant's objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action." *Walker v. Karelas*, 2009 WL 3075575, at *1 (E.D. Cal. Sep. 21, 2009); *Brooks v. Alameida*, 2009 WL 331358, at *2 (E.D. Cal. Feb. 10, 2009).

The court must limit discovery if the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). "In each instance [of discovery], the determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 Advisory Committee's note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).

All grounds for objection must be stated "with specificity." See *Mancia v. Mayflower Textile Services Co.,* 253 F.R.D. 354, 356 (D.Md. 2008) (boiler-plate objections waived any legitimate objections responding party may have had); *Chubb Integrated Sys., Ltd. v. National Bank of Wash.,* 103 F.R.D. 52, 58 (D.D.C. 1984) (the objecting party must state reasons for any objection, "irrelevant" did not fulfill party's burden to explain its objections); *Pulsecard, Inc. v. Discovery Card Services, Inc.,* 168 F.R.D. 295, 310 (D. Kan. 1996) (objection on grounds of vagueness and ambiguity overruled if reason and common sense to attribute ordinary definitions to terms and phrases provided needed clarity).

## II. DISCUSSION

### A. Request for Production (RFP), Set One, Number 5

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample items in the responding party's possession, custody or control. Fed. R. Civ. P. 34(a)(1). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property

on demand.” *Allen v. Woodford*, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007), citing I*n re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995); accord *Bovarie v. Schwarzenegger,* 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); *Evans v. Tilton*, 2010 WL 1136216, at *1 (E.D. Cal. Mar.19, 2010).

> **RFP Number 5**: Any and all documents and electronically stored information in your possession and control that relates to how many Black prisoners were assigned to the C-Facility library as clerks from 2009-2010.
>
> **Defendant’s Response**: Defendant objects that the request is vague and ambiguous as to the type of electronic information it seeks. Defendant also objects to this request on the grounds that it calls for production of documents not within the Defendant’s personal possession, custody or control, because the documents sought do not exist. Kern Valley State Prison did not maintain statistics regarding the breakdown of ethnicities for prisoner jobs in 2009-2010. The only statistics maintained are for current prisoner assignments in each facility. Defendant therefore cannot product the requested documents.
>
> **Defendant’s Supplemental Response**: Pursuant to Federal Rule of Civil Procedure 26(e), Defendant produces a redacted time log for an African-American legal clerk during the requested time period, as Exhibit H.

It appears that the only remaining dispute over this RFP relates to the fact Exhibit H is unsigned and does not identify its subject. Plaintiff argues that, in order to prepare for trial, he is entitled to a version of Exhibit H that is signed by the work supervisor and does not redact the non-party inmate’s name and CDCR number. Defendant argues Exhibit H was redacted in order to preserve institutional security and protect confidential information and personal information. Defendant does not address why Exhibit H was not signed by a work supervisor.

The Court is vested with broad discretion to manage discovery and endeavors to resolve disputes of pro se parties on the merits. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012); *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Where otherwise discoverable information would pose a threat to the safety and

security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); *Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); see also *Garcia v. Clark*, No. 1:10–CV–00447–LJO–DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr.12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns).

Defendants' objection on grounds of institutional safety and security lacks factual support and is overruled. See *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (Defendants' conclusory objection of confidentiality is insufficient to shield them from producing discoverable documents).

Defendant produced other inmate time log(s) signed by the work supervisor (see ECF No. 55, at Ex. I) and presumptively could have produced a signed Exhibit H. Defendant has not explained why Exhibit H is unsigned or otherwise addressed Plaintiff's request for a signed version.

Defendant opposes disclosure of an unredacted version of Exhibit H on grounds the inmate's name and CDCR number are the type of confidential and personal information other inmates may not possess. Cal. Code Regs. tit.15, § 3450(d)(e). The confidentiality objection relates to institutional safety and security, and so fails for the same reasons set forth above. The personal information objection may have merit if the inmate who is the subject of Exhibit H declines to allow Plaintiff access to his personal information. Id., at § 3450(a); see also *Whalen v. Roe*, 429 U.S. 589, 598–99 (1977) (the Due Process Clause of the Fourteenth Amendment protects individuals against the disclosure of personal

matters). However, it is unclear this is the case here.

Accordingly, Defendant shall produce an unredacted Exhibit H signed by the work supervisor, or provide a further response supporting its objection to disclosure of the subject inmate, within the time provided below.

**B. Request for Interrogatories, Set One, (ROG's), Numbers 10-12, 14-15, 17**

A party may propound interrogatories relating to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a).

The responding party is obligated to respond to the interrogatories to the fullest extent possible. See Fed. R. Civ. P. 33(b)(3). Any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(4). The responding party shall use common sense and reason in its responses; hyper-technical, quibbling, or evasive objections will not be viewed favorably by the court. *Haney v. Saldana*, 2010 WL 3341939 at *3 (E.D. Cal. Aug. 24, 2010). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

All grounds for objection to an interrogatory must be stated “with specificity.” Fed. R. Civ. P. 33(b)(4); see *Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (objection that interrogatories were “burdensome” overruled because objecting party failed to “particularize” the basis for objection); see also *Mancia*, 253 F.R.D. at 358 (boiler-plate objections waived any legitimate objections responding party may have had); *Chubb Integrated Sys., Ltd.*, 103 F.R.D. at 58 (the objecting party must state reasons for any objection, “irrelevant” did not fulfill party's burden to explain its objections); *Mitchell v. National R.R. Passenger Corp.*, 208 F.R.D. 455, 458 at n.4 (D.D.C. 2002) (objections must explain how request or interrogatory is overbroad or unduly burdensome); *Pulsecard,*

*Inc.*, 168 F.R.D. at 310 (objection on grounds as vague and ambiguous overruled if reason and common sense to attribute ordinary definitions to terms and phrases provided needed clarity).

> **ROGs Number 10 and 11**: State how many White [and Mexican] prisoner were assigned to the C-Facility library as clerks from 2009-2010.
>
> **Defendant's Response**: Defendant objects to this interrogatory on the grounds that it calls for speculation, and requests information not within the Defendant's personal knowledge, possession, custody, or control because the information sought does not exist. Without waiving these objections, Kern Valley State Prison does not maintain past statistics regarding the breakdown of ethnicities for prisoner jobs. The only statistics maintained is for current prison assignments in each facility. Defendant is therefore without knowledge or information sufficient to form a response to the interrogatory.
>
> **ROG Number 12**: State how many prisoners at the C-Facility were assigned to the library as clerks through receiving a job change request [from] the supervisor in the work area from 2009-2010.
>
> **Defendant's Response**: Defendant objects to this interrogatory on the grounds that it calls for speculation, and requests information not within the Defendant's personal knowledge, possession, custody, or control because the information sought does not exist. Without waiving these objections, Kern Valley State Prison does not maintain past statistics regarding the breakdown of ethnicities for prisoner jobs. The only statistics maintained is for current prison assignments in each facility. Defendant is therefore without knowledge or information sufficient to form a response to the interrogatory.
>
> **ROG Number 14**: State the dates and ethnicities of each prisoner at C-Facility who were assigned to the library as clerks through receiving a job change request [from] the supervisor in the work area during your tenure as inmate assignment lieutenant.
>
> **Defendant's Response**: Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad as to the scope of time. Defendant also objects on the ground that times outside of 2009-2010, when the events at issue allegedly took place, and is therefore not relevant to the claims in this lawsuit. The interrogatory is thus not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory on the grounds that it calls for speculation, and requests information not within the Defendant's personal knowledge, possession, custody or control, because the information sought does not exist. Without waiving these objections, Kern Valley State Prison does not maintain past statistics regarding the breakdown of ethnicities for prisoner jobs. The only statistics maintained is for current prison assignments in each facility. Defendant is therefore without knowledge or information sufficient to form a response to the interrogatory.

**ROG Number 15**: State the dates and ethnicities of each prisoner at C-Facility who were assigned to the library as clerks as the result of being on the clerk's waiting list during your tenure as inmate assignments lieutenant.

**Defendant's Response**: Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad as to the scope of time. Defendant also objects on the ground that times outside of 2009-2010, when the events at issue allegedly took place, and is therefore not relevant to the claims in this lawsuit. The interrogatory is thus not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory on the grounds that it calls for speculation, and requests information not within the Defendant's personal knowledge, possession, custody or control, because the information sought does not exist. Without waiving these objections, Kern Valley State Prison does not maintain past statistics regarding the breakdown of ethnicities for prisoner jobs. The only statistics maintained is for current prison assignments in each facility. Defendant is therefore without knowledge or information sufficient to form a response to the interrogatory.

**ROG Number 17**: State how many prisoner library clerks in the C-Facility work together at the same time on the same days.

**Defendant's Response**: Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad as to the scope of time. Defendant also objects on the ground that times outside of 2009-2010, when the events at issue allegedly took place, and is therefore not relevant to the claims in this lawsuit. The interrogatory is thus not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory on the grounds that it calls for speculation, and requests information not within the Defendant's personal knowledge, possession, custody or control, because the information sought does not exist. Without waiving these objections, the number of clerks working at any given time depends on the institutional needs and whether paid positions are available. Defendant does not know how many library clerks worked in C-Facility during the relevant time.

Plaintiff disputes that the statistical data necessary to respond does not exist. Plaintiff claims ethnicity data for paid prison jobs is available in the form of work supervisor reports, inmate time logs and inmate job change requests maintained by the facility. Plaintiff also claims the information sought is relevant to his claim that Black inmates were not assigned to the library clerk position.

Defendant responds that the responses were complete when served because the facility computer system tracks inmate ethnicities only for currently held positions, and

paper records are retained only for one year. Responding to Plaintiff's interrogatories for the 2009-2010 timeframe would require speculation. Defendant argues Plaintiff has not shown the objections lodged lack merit. Defendant argues ROGs number 13-15 and 17 are overbroad as to time.

Here, Plaintiff's mere disagreement with the responses provided by Defendant is not a basis for objection. Plaintiff has not demonstrated the responses in issue were evasive, incomplete or that the objections lodged by Defendant lack merit. Defendant has provided sworn, seemingly credible responses indicating that the requested data does not exist for the years in question. Defendant cannot produce that which does not exist.

In responding to interrogatories a party is chargeable with knowledge of what its agents know and what information is available to it and in the available records. *Lynn v. Monarch Recovery Management, Inc.*, 285 F.R.D. 350, 355 (D. Md. 2012). However, if a party cannot answer under this standard, he may so respond under oath. *Jewish Hosp. Ass'n of Louisville, Ky., v. Struck Const. Co., Inc.*, 77 F.R.D. 59, 60 (W.D. Ky., 1978). A party responding to interrogatories is required to provide information that is available to it and can be produced without undue labor and expense. *Miller v. Pruneda*, 236 F.R.D. 277, 282 (N.D.W.Va. 2004).

The Court finds Defendant's responses are sufficient under the above standard. Plaintiff's motion to compel further responses to the above Set One ROGs shall be denied.

**C. Request for Interrogatories, Set Two, (ROGs) Numbers 2B1-B4, 3-7**

"Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1).

**ROG Number 1**: State your full name, date of birth, business address and occupation; also state the name, business address, occupation and relationship to the parties of each individual who assisted the answering of these interrogatories.

**Defendant's Response**: Defendant objects to this interrogatory on the grounds that it is compound because it seeks information for both Defendant and individuals who assisted her. Defendant also objects to the portions that seek Defendant's full name and date of birth, because they are not relevant to the claims and defenses in this lawsuit, and thus, are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff is also not entitled to Defendant's first name and date of birth under California Code of Regulations, Title 15, sections 3450(d), 3321, and 3005. Without waiving these objections, Defendant responds as follows:

1.1 Defendant K. Doran is an Inmate Assignment Lieutenant and works for the California Department of Corrections and Rehabilitation, at Kern Valley State Prison, P.O. Box 3130, Delano, California, 93216.

1.2 Defendant's counsel, Deputy Attorney General David C. Goodwin, and Supervising Deputy Attorney General Misha D. Igra, assisted in the preparation of these responses. Defendant's counsels' business address is California Department of Justice, Office of the Attorney General, 1300 I Street, Suite 125, Sacramento, California, 95814.

**ROG Number 2**: Before answering these interrogatories, state whether or not you have:

A. Made a due diligent search of all related documents, books, reports, memos, and writings within your possession or under your control, in order to obtain information with respect to this action. If not, please explain why not.

B. Made a due diligent inquiry to your employees, friends, relatives, and those persons available to assist you in order to obtain information with respect to this action. If not, please explain why not.

**Defendant's Response**: Defendant objects to this interrogatory on the ground that it is compound. Defendant also objects to this interrogatories on the ground that it is not relevant to the claims and defenses in this lawsuit, and thus, is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to interrogatory numbers B.1-B.4 because Plaintiff has exceeded the number of permitted written interrogatories, including all discrete subparts. Without waiving these objections, Defendant responds as follows:

A.1 Defendant has diligently searched through all related documents in her custody, control, and possession.

A.2 Defendant has diligently searched through all related books in her custody, control, and possession.

A.3 Defendant has diligently searched through all related reports in her custody, control, and possession.

A.4 Defendant has diligently searched through all related memos in her

custody, control, and possession.

A.5 Defendant has diligently searched through all related writings in her custody, control, and possession.

B.1-B.4 Without waiving applicable objections, Defendant objects to these interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1) because Plaintiff has exceeded the number of permitted written interrogatories, including all discrete subparts. Defendant therefore does not respond to this interrogatory.

**ROG Number 3**: State the full names, business address, telephone number, occupation, and relationship, if any, to the other parties, of each person who has knowledge, information or evidence of the practice and policies of assigning prisoners to the library at Kern Valley State Prison as clerks from the period 2009-2010.

**ROG Number 4**: Your answer denies the allegations contained in paragraphs 4-17 of Plaintiff's Complaint pertaining to excluding black inmates from library clerk positions at the concerning KVSP (prison). Are you, or any agent or persons acting on your behalf, aware of any fact, observation, documents, or item of evidence that, either directly or indirectly, supports your denial or otherwise contradicts the allegations of the Plaintiff? If your answer is anything other than an unqualified "NO." then for each and every such fact, observation, document, and item of evidence please set forth the following information separately, specifically, and in detail:

A. A detailed description of fact, observation, documents, or item of evidence, setting forth names, dates, items, places and any other information that might assist in the identification and location of the subject information.

B. The name, business address, telephone number or other means of identification of each person who has possession or firsthand knowledge of the subject fact, observation, documents, or item of evidence, and that person's relationship the parties herein.

C. The method or manner by which you obtained knowledge of this information, setting forth names, dates, times, places and any other details that relate to the manner in which you obtained such knowledge.

D. If the subject information is documentary, will you please, without a motion to produce, attach a copy to your answers to these interrogatories.

**ROG Number 5**: With respect to your denial of Paragraphs 4-17 of Plaintiff's Complaint, pertaining to black inmates being excluded from library clerk positions, are you, or any agent or persons acting on your behalf, aware of any fact, observation, document, or item of evidence that, either directly or indirectly contradicts your denial and support that particular paragraphs of the Complaint? If your answer is anything other than an unqualified "NO" then for each and every such fact, observation, document, and item of evidence, please set forth the following

information separately, specifically, and in detail:

A. A detailed description of the fact, observation, document, or item of evidence, setting forth names, dates, times, places and any other information of the subject information.

B. The name, business address, telephone number or other means of identification of each person who has possession of firsthand knowledge of the subject fact, observation, document or item of evidence, and that person's relationship to the parties herein.

C. The method or manner by which you obtain knowledge of this information, setting forth, names, dates, time, places and any other details that relate to the manner in which you obtained such knowledge.

**ROG Number 6**: For each affirmative defense that your are asserting, please identify the defense and specifically set forth all of the facts and evidence; also, for each such defense, identify all documents (by title, date, author, custodian and a summarization of contents) that you intend to use to support the defense, and all persons who have knowledge of facts supporting the defense. Those persons should be identified by name, occupation, business address, title, relating to the parties herein and a description of the information that they are to present.

**ROG Number 7**: With respect to all of the documents and /or computer information that K. Doran has in her possession or under her control, please identify those documents that are likely to contain the following information: all CDCR rules, policy and procedure for assigning prisoners to jobs are Kern Valley State Prison; all CDCR rules, policy and procedures for assigning prisoners to the library at Kern Valley State Prison as clerks; all documents relating to CDCR qualification requirements prisoners have to meet to be placed on the waiting list for a clerk job position; all documents relating to job change request when an inmate wishes to change jobs; all documents that show the number of black inmates who were assigned to the C-Facility library as clerks from the period 2009-2010; all documents that show the number of Mexican inmates who were assigned to the C-Facility library as clerks from the period 2009-2010; all documents showing the number of inmates that were assigned library clerk positions through a job change request from the period 2009-2010; all inmate clerk waiting lists from the period 2009-2010; all documents showing the names of inmates who were library clerks at the C-Facility in 2009 and 2010.

**Defendant's Response to ROGs Number 3-7**: Without waiving any other applicable objections, Defendant objects to these interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1) because Plaintiff has exceeded the number of permitted written interrogatories, including all discrete subparts. Defendant therefore does not respond to this interrogatory.

Plaintiff argues the responses to ROGs number 2B.1-B.4 and 3-7 are incomplete because Defendant improperly refused to answer on grounds these interrogatories

exceeded the 25 interrogatory limit of Rule 33(a)(1). Defendant argues that Plaintiff has not responded to her meritorious relevance objection and that Plaintiff has exceeded the 25 interrogatory limit without leave of the Court.

Here, ROGs number 1 and 2 contain subparts that are unrelated to any primary question. The subparts are not designed to obtain additional details concerning the general theme presented in the primary question. Discrete subparts are not subsequent questions to the first question, but rather are independent of the first question and thus appropriate for counting as a separate interrogatory. *Estate of Manship v. U.S.*, 232 F.R.D. 552, 554 (M.D.La. 2005). Therefore ROGs number 1 and 2 will be counted as 4 separate questions. *Estate of Manship*, 232 F.R.D. at 552.

However, ROGs number 3-5 do not include discrete subparts and each counts as one separate interrogatory. Subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question, *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006), subsequent determination, 2006 WL 391797 (N.D. Cal. 2006), i.e., where the interrogatory including subparts has only one logically or factually related theme. *Superior Communications v. Earhugger, Inc.*, 257 F.R.D. 215, 218 (C.D. Cal. 2009). The subparts included in ROGs 3-5 appear to be logically or factually secondary to and subsumed within the primary question. Moreover, a request to identify a person by name, address and phone number and place of employment is one question. *Estate of Manship*, 232 F.R.D. at 552. Therefore ROGs number 3-5 shall each be counted as one interrogatory.

Accordingly, the Rule 33(a)(1) objection is overruled as to ROGs number 2B.1-B.4, 3, 4 and 5 and Defendant shall provide a further response within the time provided below. ROGs number 6 and 7, however, are in excess of the twenty-five interrogatory limit and the objection on such grounds is sustained and further response to ROGs number 6 and 7

denied.

**D. Cross-Motions for Costs**

Plaintiff and Defendant both seek their costs pursuant to Rule 37 on grounds the respective opposition showing is not substantially justified.

Federal Rule of Civil Procedure 37(a)(5) provides, in pertinent part: "If the motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "other circumstances make an award of expenses unjust." Fed. R. Civ. Proc. 37(a)(5)(A)(iii).

In this case, considering all of the circumstances, including the nature of the requests, Defendant's objections, and the partial relief granted, the Court will not order the imposition of monetary or other sanctions at this time. See e.g., *Nalco Chemical Co., v. Hydro Technologies, Inc.*, 148 F.R.D. 608, 617 (E.D. Wis., 1993) (parties appropriately bear own costs where motion to compel was only partially successful).

The cross-motions for Rule 37 monetary sanctions shall be denied.

**III. ORDER**

Accordingly, for the reasons stated, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel a further response to Request for Production, Set One (ECF No. 55) is GRANTED such that Defendant shall produce an unredacted Exhibit H signed by the work supervisor, or provide a further response supporting its objection within twenty (20) days of service of this Order,

2. Plaintiff's motion to compel further responses to Interrogatories, Set One (ECF No. 57) is DENIED,

3. Plaintiff's motion to compel further responses to Interrogatories, Set Two (ECF No. 60) is GRANTED IN PART such that Defendant shall provide a further response to ROGs number 2B.1-B.4, 2, 3, 4 and 5 within twenty (20) days of service of this Order, and

4. The parties' cross-motions for Rule 37 monetary sanctions (ECF Nos. 60, 63) are DENIED.

IT IS SO ORDERED.

Dated: August 26, 2014

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE