# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CATE, et al.,<br><br>    Defendants. | Case No. 1:10-cv-02348-LJO-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF INDEPENDENT EXPERT**<br><br>**(ECF No. 70)** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. The action proceeds on an equal protection claim against Defendant Doran, Inmate Assignment Lieutenant at Kern Valley State Prison ("KVSP").

Before the Court is Plaintiff's motion that the Court appoint an independent prison management expert to support Plaintiff's pending summary judgment motion.

## I.     LEGAL STANDARD – APPOINTMENT OF INDEPENDENT EXPERT

Federal Rule of Evidence 706 authorizes the appointment of a neutral expert witness. The appointment of an independent expert witness pursuant to Rule 706 is within the court's discretion, *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999), and may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide

1

a fact in issue . . . . " *Ledford v. Sullivan*, 105 F.3d 354, 358–59 (7th Cir. 1997).

While the Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side, Fed. R. Evid. 706; *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002); *Walker*, 180 F.3d at 1071, where the cost would likely be apportioned to the government, the Court should exercise caution. Moreover, Rule 706 does not contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. *Faletogo v. Moya*, 2013 WL 524037, at *2 (S.D. Cal. 2013).

Whether to appoint an independent expert is a matter within the sound discretion of the trial court. *Georgia-Pacific Corp., v. U.S.*, 640 F.2d 328, 334 (1980).

## II.  DISCUSSION

Here, Plaintiff seeks appointment of an independent expert to assist the Court or jury in understanding whether Defendant intentionally discriminated against and harmed him and to avoid a one-sided presentation of evidence by Defendant.

Plaintiff does not proceed in forma pauperis in this action. Nothing before the Court suggests he can not pay the cost of hiring an expert. An expert will not be appointed where the matter can be addressed by party experts. *Mallard Bay Drilling, Inc., v. Bessard*, 145 F.R.D. 405, 406 (D.C.La. 1993) (no appointment of independent expert where the parties' experts are qualified and capable of presenting sufficient information).

Contrary to Plaintiff's contention, the Court does not find the equal protection claim in issue to be of such complexity that the Court and/or a jury would require the assistance of an independent expert to evaluate the claim. These issues are no more complex than those found in the majority of prisoner civil rights cases pending before this Court. An independent expert will not be appointed where matters can be understood without expert testimony. See *Ledford*, 105 F.3d. at 359 (appointment of expert rightly refused where jury could determine deliberate indifference claim without the aid of an expert).

Additionally, the appointment of an independent expert is to assist the trier of fact, not a particular litigant. See Joe S.Cecil & Thomas E. Willging, Court-Appointed Experts, at

538 (Fed.Jud.Center 1994) (Rule 706 is meant to promote accurate fact finding where is issues are complex, esoteric and beyond the ability of the fact finder to understand without expert assistance). Here, Plaintiff requests an independent expert, in part, to meet Defendant's expected evidence. Rule 706 does not exist to assist a party.

Appointment of an independent expert under Rule 706 should be reserved for exceptional cases in which the ordinary adversary process does not suffice. *In re Joint Eastern and Southern Districts Asbestos Litigation*, 830 F.Supp. 686, 693 (E.D.N.Y. 1993) (allowing appointment of independent expert in mass tort case). This case is not such an exceptional case.

**III.    ORDER**

Accordingly, for the reasons stated, it is HEREBY ORDERED that Plaintiff's motion for appointment of an independent expert (ECF No. 70) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   August 27, 2014          /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE