# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CATE, et al.,<br><br>Defendants. | Case No. 1:10-cv-02348-LJO-MJS (PC)<br><br>**ORDER DENYING RECONSIDERATION OF ORDER GRANTING EXTENSION OF TIME TO OPPOSE MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 69)** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. The action proceeds on an equal protection claim against Defendant Doran, Inmate Assignment Lieutenant at Kern Valley State Prison ("KVSP"). On July 14, 2014, the Court granted Defendant's motion extending until September 16, 2014, the time to oppose Plaintiff's motion for summary judgment.

Before the Court is Plaintiff's July 17, 2014 opposition to Defendant's motion for extension of time. The Court will construe it as a motion for reconsideration of the July 14, 2014 order.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent

manifest injustice and is to be utilized only where extraordinary circumstances exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). The motion must be brought within a reasonable time. Fed. R. Civ. P. 60(c)(1).

Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon [the] prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

Here, Plaintiff argues that Defendant had a fair opportunity to complete discovery and that, given Defendant's discovery responses, further discovery will not yield evidence in opposition to Plaintiff's summary judgment motion.[1] However, Plaintiff does not controvert the facts set forth in the Declaration of Goodwin in support of the motion for extension of time. Plaintiff also fails to show that the Court committed legal error in granting the extension of time. Fed. R. Civ. P. 6(b)(1); Fed R. Civ. P. 56(d); *Ginett v. Federal Express Corp.*, 166 F.3d 1213 at 5* (6th Cir. 1998).

Accordingly, Plaintiff's opposition to the motion for extension of time (ECF No. 69), construed as a motion for reconsideration, is DENIED.

IT IS SO ORDERED.

Dated:   September 9, 2014          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's request for judicial notice of discovery responses is denied because such responses are not adjudicative facts susceptible of notice. See Fed. R. Evid. 201(b).