FILED
OCT 06 2014
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CATE, et al.,<br><br>Defendants. | Case No. 1:10-cv-02348-LJO-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR MARSHAL'S SERVICE OF A SUBPOENA DUCES TECUM**<br><br>(ECF No. 72)<br><br>**CLERK TO REFUND PLAINTIFF $8** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. The action proceeds on an equal protection claim against Defendant Doran, Inmate Assignment Lieutenant at Kern Valley State Prison ("KVSP").

Before the Court is Plaintiff's motion to have the United States Marshal serve a subpoena duces tecum upon nonparty, KVSP Warden M.D. Biter. The subpoena provides for production and copying, by Plaintiff at California State Prison-Lancaster, of specified categories of documents and electronically stored information. Plaintiff also submitted an $8 payment to cover service costs.

**I. DISCUSSION**

1



### A. Discovery Subpoena

Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents or electronically stored information from a nonparty, Fed. R. Civ. P. 34(c); Fed. R. Civ. P. 45, relevant to his claim. Fed. R. Civ. P. 26(b).

However, the Court will consider granting such a request only if the documents or electronically stored information sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendant through a request for the production. Fed. R. Civ. P. 34. If Defendant objects to Plaintiff's discovery request, a motion to compel is the next required step. If the Court rules that the documents or electronically stored information are discoverable but Defendant does not have care, custody, and control of them, Plaintiff may then seek a subpoena of a nonparty. Alternatively, if the Court rules that the documents and electronically stored information are not discoverable, the inquiry ends.

The Court will not issue a subpoena for a nonparty individual without Plaintiff first following the procedure outlined above. Firstly, it is unclear whether the desired discovery has been served upon Defendant and if so how she responded, if at all. Further, Plaintiff seeks non-party discovery of documents and information relating to alleged inmate riots, improper conduct by law library clerks, and his housing status. Plaintiff has not sufficiently demonstrated why and how such documents and information are relevant to the equal protection claim in issue.

### B. Service by Marshal

Plaintiff is not proceeding in forma pauperis ("IFP") and is not entitled to Marshal's service of the subpoena under the IFP statute. 28 U.S.C. § 1915(d). He asserts that Marshal's service is appropriate under 28 U.S.C. § 1921. That statute only allows only for collection of fees by the Marshal. He offers no other basis for the Marshal to serve his subpoena.

It is Plaintiff's responsibility to serve discovery. The previously issued Discovery and Scheduling Order provides that "discovery requests are to be served by the parties



pursuant to Federal Rule of Civil Procedure 5, 7, 11, 16, 26-36, and Local Rule 135; they are to be filed when required by Local Rules 250.2, 250.3, and 250.4." (ECF No. 48, at 1:19-21.)

## II. CONCLUSION AND ORDER

Plaintiff has not demonstrated that he is entitled to Marshal's service of a discovery subpoena.

Accordingly, for the reasons stated, it is HEREBY ORDERED that:

1. Plaintiff's motion for Marshal's service of Warden Biter with a subpoena duces tecum (ECF No. 72) is DENIED without prejudice to refiling consistent with the above standards, and

2. The Clerk of the Court is directed to refund to Plaintiff the $8 payment he made to the Court.

IT IS SO ORDERED

Dated: October 1, 2014

UNITED STATES MAGISTRATE JUDGE