# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CATE, et al.,<br><br>Defendants. | Case No. 1:10-cv-02348-LJO-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SUPPRESS DEPOSITION TRANSCRIPT**<br><br>**(ECF No. 87)** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. The action proceeds on an equal protection claim against Defendant Doran, Inmate Assignment Lieutenant at Kern Valley State Prison.

On July 11, 2014, the Court granted Defendant's motion to take Plaintiff's deposition by videoconference. The deposition took place on July 29, 2014.

Before the Court is Plaintiff's October 10, 2014 motion to suppress and exclude the deposition transcript. Defendant opposes the motion. Plaintiff has filed a reply to the opposition. The matter is deemed submitted. Local Rule 230(*l*).

## I.  LEGAL STANDARDS

A deposition transcript may be reviewed and changed as follows:

> On request by the deponent or a party before the deposition is completed, the

1

> deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> > (A) to review the transcript or recording; and
> >
> > (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.
>
> The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.
>
> Unless otherwise stipulated or ordered by the court, the officer must retain the stenographic notes of a deposition taken stenographically or a copy of the recording of a deposition taken by another method. When paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party or the deponent.

Fed. R. Civ. P. 30(e)(1)(2).

The requirements for objection and suppression of a deposition transcript are as follows:

> An objection to how the officer transcribed the testimony--or prepared, signed, certified, sealed, endorsed, sent, or otherwise dealt with the deposition--is waived unless a motion to suppress is made promptly after the error or irregularity becomes known or, with reasonable diligence, could have been known.

Fed. R. Civ. P. 32(d)(4).

## II.   DISCUSSION

### A.   Arguments

Plaintiff claims that he was not furnished a copy of the deposition transcript to review and make corrections and changes. He suggests that without such corrections and changes his responses to compound questions are prejudicial.

Defendant argues that Plaintiff is not entitled to a free copy of his deposition transcript. Fed. R. Civ. P. 30(f)(3). Though proceeding in forma pauperis, Plaintiff must pay for a copy as required by Rule 30(f)(3).

Defendant also argues that Plaintiff did not, in any event, request a copy of the transcript for review and correction as required by Rule 30(e). Such a request is now untimely. Plaintiff has not shown any basis for relief from his failure to timely comply with Rule 30. He has not identified any basis for suppression.

Plaintiff replies that his failure to request the transcript was excusable under Rule 60(b) because he reasonably believed the reporter would provide a transcript without his request as in the past. Plaintiff also contends he is entitled to a free copy of the transcript because he lacks funds to pay for it.

### B.     Analysis

The Court has discretion to deal with discovery questions. *Pina v. Children's Place*, 740 F.3d 785, 790-91 (1st Cir. 2014). It finds that Plaintiff has not demonstrated any basis to suppress his July 29, 2014, deposition transcript. Pre-filing review and correction of a deposition transcript occurs only when requested before completion of the deposition. Plaintiff concedes he did not make such a request. (ECF No. 90 at 3-4.) Further, his suggestion that he will be prejudiced by responses to compound questions, to which he apparently did not object, is factually unsupported and speculative.

The procedural requirements of Rule 30 are "clear and mandatory", *EBC, Inc. v. Clark Bldg. Systems, Inc.*, 618 F.3d 253, 265 (3d Cir. 2010), and "an absolute prerequisite to amending or correcting a deposition". *Agrizap, Inc. v. Woodstream Corp.*, 232 F.R.D. 491, 494, (E.D. Pa. 2006); see also *Blackthorne v. Posner*, 883 F.Supp. 1443, 1454 (D.Or. 1995) (deponent's errata sheet rejected where review of transcript not requested before its completion).

Plaintiff does not demonstrate "exceptional circumstances" for relief from the requirements of Rule 30. See e.g., *Bernstein v. Brenner*, 51 F.R.D. 9, 11 (D.D.C. 1970) (relief from signing requirement granted where deponent is dead). Although Plaintiff is not

3

required to litigate this case with the skill of an attorney, he is required to comply with the Federal Rules of Civil Procedure. His asserted belief the reporter would provide the transcript without his requesting it is directly contrary to the express language of Rule 30 and not a basis for relief.

Rule 60(b), which provides grounds for relief from a final judgment, order, or proceeding, is not, as Plaintiff suggests, a basis for relief from rule 30 noncompliance. Rule 60 does not apply to the facts before the Court.

Plaintiff, having shown no basis for objecting to the deposition, may not suppress the transcript. Fed. R. Civ. P. 32(d)(4). Nothing before the Court suggests an error or irregularity as to how the deposition officer transcribed and prepared the testimony.

## III.   ORDER

For the reasons stated, Plaintiff's October 10, 2014 motion to suppress and exclude the transcript of his July 29, 2014 deposition (ECF No. 87) is DENIED.

IT IS SO ORDERED.

Dated:   November 10, 2014         /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE