# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CATE, et al.,<br><br>Defendants. | Case No. 1:10-cv-02348-LJO-MJS (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSE TO REQUESTS FOR PRODUCTION, SET ONE, ITEMS 5, 6, 7, 8 AND 12<br>(ECF No. 79)<br><br>ORDER DENYING CROSS-MOTIONS FOR SANCTIONS<br>(ECF Nos. 80, 92) |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. The action proceeds on an equal protection claim against Defendant Doran, Inmate Assignment Lieutenant at Kern Valley State Prison.

On September 29, 2014, Plaintiff filed the following motions which are before the Court: (1) a motion to compel further response to request for production (RFP) set one, items 5, 6, 7, 8, and 12, and (2) a motion for discovery sanctions. Defendant has opposed the motions and seeks monetary sanctions. Plaintiff replied to opposition to his sanction motion. The motions are deemed submitted. Local Rule 230(*l*).

1

## I. LEGAL STANDARDS - DISCOVERY MOTIONS

The discovery process is subject to the overriding limitation of good faith. *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981). Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, and for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., *Grabek v. Dickinson*, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Mitchell v. Felker*, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. *Grabek*, 2012 WL 113799, at *1; *Womack v. Virga*, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

Courts in the Eastern District of California have required, "at a minimum, [that] the moving party plaintiff has the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the defendant's responses are disputed, (3) why he believes the defendant's responses are deficient, (4) why the defendant's objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action." *Walker v. Karelas*, 2009 WL 3075575, at *1 (E.D. Cal. Sep. 21, 2009); *Brooks v. Alameida*, 2009 WL 331358, at *2 (E.D. Cal. Feb. 10, 2009).

The court must limit discovery if the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). "In each instance [of discovery], the

2

determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 Advisory Committee's note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).

All grounds for objection must be stated "with specificity." See *Mancia v. Mayflower Textile Services Co.,* 253 F.R.D. 354, 356 (D.Md. 2008) (boiler-plate objections waived any legitimate objections responding party may have had).

The responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

## II. DISCUSSION

### A. Requests for Production

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample items in the responding party's possession, custody or control. Fed. R. Civ. P. 34(a)(1). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." *Allen v. Woodford*, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007), citing I*n re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995); accord *Bovarie v. Schwarzenegger,* 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); *Evans v. Tilton*, 2010 WL 1136216, at *1 (E.D. Cal. Mar.19, 2010).

The requests and responses in issue are as follows:

**RFP Numbers 5-8**: Any and all documents and electronically stored information in your possession and control that relates to how many [Black prisoners] [White prisoners] [Mexican prisoners] [prisoners classicfied (sic) as "Others"] were assigned to the C-Facility library as clerks from 2009-2010.

**Defendant's Response**: Defendant objects that the request is vague and ambiguous as to the type of electronic information it seeks. Defendant also objects to this request on the grounds that it calls for production of documents not within the Defendant's personal possession, custody or control, because the documents sought do not exist. Kern Valley State Prison did not maintain past statistics

3

regarding the breakdown of ethnicities for prisoner jobs in 2009-2010. The only statistics maintained are for current prisoner assignments in each facility. Defendant therefore cannot product the requested documents.

**Defendant's Supplemental Response**: Pursuant to Federal Rule of Civil Procedure 26(e), and without waiving these objections, Defendant produces [a] redacted time log[s] for [an African-American library clerk] [Caucasian law clerk(s)] [Mexican legal clerk(s)] [law clerk designated as "Other"] during the [requested] [relevant] time period, as Exhibit [I] [J] [bates numbers 26, 29, 30, and 32.]

**Defendant's Second Supplemental Response**: Pursuant to Federal Rule of Civil Procedure 26(e), and without waiving these objections, Defendant produces additional documents for [Caucasian] [Mexican] library clerks during the requested time period, as bates numbers [1, 3-6, 18-24, 25, 27-28, 31, 33, and 38-43] [2-4; 6-17, and 34-37]. Defendant incorporates the previously served supplemental responses in this second supplemental response for clarity due to re-identifying the documents from lettered exhibits to numbered bates.

**Defendant's Third Supplemental Response**: Pursuant to Federal Rule of Civil Procedure 26(e), and without waiving these objections, Defendant produces additional documents for an African-American library clerk during the requested time period, as bates numbers 44-46.

**RFP Number 12**: Any and all documents and electronically stored information in your possession that relates to the dates and ethnicities of each prisoner at C-Facility who were assigned to the library as clerks resulting from being on the clerks waiting list during your tenure as Inmat(sic) Assignments Lieutenant.

**Defendant's Response**: Defendant objects that the request is vague and ambiguous as to the type of electronic information it seeks. Defendant also objects to this request on the basis that it is overbroad and unduly burdensome as to the scope of time. Defendant has been employed as an Inmate/Assignments Lieutenant beyond 2009-2010, which are the years at issue in Plaintiff's claims. Defendant also objects to this request on the basis that, as to documents outside of 2009-2010, it requests documents that are not relevant to the claims or defenses at issue. Defendant further objects to this request on the grounds that it calls for production of documents not within the Defendant's personal possession, custody or control, because the documents sought do not exist. Kern Valley State Prison did not maintain past statistics regarding the breakdown of ethnicities for prisoner jobs in 2009-2010. The only statistics maintained are for current prisoner assignments in each facility. Defendant therefore cannot produce the requested documents.

**Supplemental Response to RFP No. 12**: Pursuant to Federal Rule of Civil Procedure 26(e), and without waiving these objections, Defendant produces (1) a redacted time log for an African-American legal clerk during the requested time period, as Exhibit H; (2) a redacted time log for a Caucasian legal clerk during the requested time period, as Exhibit I; and (3) redacted time logs for Mexican legal clerks during the requested time period, as Exhibit J.

**[Second] Supplemental Response to RFP No. 12**: Pursuant to Federal Rule of Civil Procedure 26(e), and without waiving these objections, Defendant produces redacted time logs, training records, work change applications, signed statements, memoranda, and letters as bates numbers 1-43. Defendant incorporates the previously served supplemental responses in this second supplemental response

for clarity due to re-identifying the documents from lettered exhibits to numbered bates.

A review of the motion reveals the only dispute over these items relates to the fact the documents produced as numbered bates 1-43 redact prisoner names and CDC numbers.

Plaintiff argues that, in order to identify witnesses and prepare for trial, he is entitled to these documents without redaction of the non-party inmate's names and CDC numbers.

Defendant responds that: Plaintiff did not specifically request inmate identities; Plaintiff has not disputed that the requests are vague and ambiguous and seek documents not in Defendant's custody and control; and Plaintiff has not demonstrated why information redacted from records relating to non-African American inmates is relevant to this action.

The Court finds Defendant's production of redacted documents bates number 1-43 obviates the pre-production objections above. Information redacted from non-African American inmates is relevant to the racial make-up of law clerks at the institution during times relevant and to Plaintiff's race based discrimination claim.

On August 27, 2014, the Court ruled on this same issue in the context of Plaintiff's motion to compel a further response to RFP, set one, No. 5, Exhibit H. (See ECF No. 74.) There the Court ordered Defendant either to produce document(s) without redaction of inmate names and numbers, or provide a further response supporting objection. The Court will do the same here. The specific reasons for the ruling are stated in the August 27th order and will not be repeated.

**B.  Plaintiff's Motion for Evidentiary Sanctions**

Federal Rule of Civil Procedure 37(b)(2) provides, in pertinent part:

> If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party

claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence.

Plaintiff asserts that Defendant did not comply with the above August 27, 2014 discovery order because the unredacted Exhibit H produced in response thereto was unsigned with no explanation why it was unsigned. Plaintiff claims Exhibit H and the documents produced as bates numbers 44-46 are untrustworthy because they show the non-party African-American inmate earning pay as a library clerk after transfer from that position. Plaintiff also appears to claim Defendant did not comply with the Court's concurrent order to provide further responses to interrogatories. Plaintiff seeks Rule 37 issue preclusion sanctions deeming established that African-American inmates were excluded from library clerk positions.

Defendant responds that, as to Exhibit H, she made good faith efforts to comply with the Court's discovery order. Defendant provided supplemental responses including Exhibit H, albeit unsigned because no signed version could be located. Defendant provided documents supporting alternative authentication (see bates number 45-46). Defendant is not required to produce non-existent documents. The evidentiary sanctions requested are unwarranted and tantamount to default judgment in Plaintiff's favor. Plaintiff's moving papers are misleading and deserving of admonishment and sanction in amount of $1,912.50, attorney's fees incurred in opposing this motion.

The Court takes note that, in response to the August 27, 2014 order, Defendant produced an unsigned unredacted Exhibit H along with an amended supplemental response to RFP, set one, item 5. (See ECF No. 80 at 25:1-10.) The amended supplemental response states that:

> Pursuant to the Court's [August 27, 2014] Order, Defendant attaches an unredacted copy of Exhibit H, which was renumbered as bates number 0019. Defendant's counsel has made a good faith effort to obtain a signed copy of this document by Supervisor Tartaglia but is unable to provide one because the document no longer exists. Plaintiff's concerns regarding the reliability and

authenticity of this document can be satisfied by the inmate statement report attached as bates numbers 0045-0046 to Defendant's Third Supplemental Response to Plaintiff's Request for Production of Documents, set one. This report shows that the inmate referenced in bates number 0019 was paid accordingly for his service on the C Facility law library during May 2009.

The appropriateness of a discovery sanction is within the broad discretion of the court. See *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976); see also *Raygoza v. City of Fresno*, 297 F.R.D. 603, 606 (E.D. Cal., 2014). The Ninth Circuit has identified factors that the courts should consider in determining the appropriateness of discovery sanctions. See *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir.1997), citing *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

In *Wendt*, the court addressed the propriety of a preclusion order barring the introduction of expert testimony as a sanction against the plaintiffs' former counsel for failure to disclose damage evidence and for the untimely disclosure of expert witnesses. The Ninth Circuit considered the following factors: "1) [t]he public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; [and] 5) the availability of less drastic sanctions." *Wendt*, 125 F.3d at 814.

Granting the issue preclusion sanction requested by Plaintiff could be dispositive of the case. As the Ninth Circuit explained in *Valley Engineers Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998), "[W]hat is most critical for case-dispositive sanctions . . . is whether the discovery violations "threaten to interfere with the rightful decision of the case."

Here, considering the five-factor test articulated in *Wendt*, the Court concludes that imposition of evidence sanctions is inappropriate. Defendant produced an unredacted Exhibit H. Her failure to produce a signed version of that document, determined by defense counsel to be non-existent, is not a basis for sanction. See e.g., *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (no discovery sanction where court in its broad discretion finds the responding party's conduct to be justified or harmless).

7

Plaintiff does not explain with any specificity how he is harmed by production of an unsigned Exhibit H, or why authentication as suggested by Defendant in her amended supplemental response would not ameliorate any prejudice. See e.g., *Rayoza*, 297 F.R.D. at 607. The documents produced do not necessarily demonstrate discrepancy between dates the non-party African-American inmate was assigned as a library clerk and dates he was paid for work in that position. None of the five *Wendt* factors can be said to weigh heavily in favor of issue preclusion. See e.g., *Reilly v. NatWest Markets Group Inc.*, 181 F.3d 253, 269 (2d Cir. 1999) (the court may consider a party's explanation for failure to comply, and any prejudice therefrom, when determining whether to impose evidentiary sanction for failure to comply with a discovery order).

Plaintiff's does not argue that Defendant failed to comply with the Court's order to provide further responses to interrogatories. His request for sanctions relating to further responses to interrogatories fails.

### C.     Defendant's Motion for Sanctions

A court may assess attorney's fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–259 (1975), quoting *F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.*, 417 U.S. 116, 129 (1974).

Defendant argues that Plaintiff's motion for sanctions mischaracterizes the Court's August 27, 2014 order and omits mention of Defendant's inability to provide a signed version of Exhibit H. She claims the Court, in its inherent power to sanction bad faith conduct, should award her $1912.50, the cost of opposing Plaintiff's motion for sanctions.

Nothing before the Court suggests that Plaintiff intentionally mischaracterized the August 27, 2014 discovery order or Defendant's response to it. Plaintiff included both the order and Defendant's response (stating her inability to provide a signed Exhibit H) with his instant motion to compel.

Defendant also points to Plaintiff's failure to include with his sanction motion

documents bates numbered 45-56 which Defendant "produced in lieu of a signed version [of Exhibit H]." (See ECF No. 92 at 6:2-3.) However, these documents were not mentioned in the August 27, 2014 order, nor were they to be produced thereunder. Even if these documents were a subject of that order, Plaintiff references them in his motion for sanctions, (ECF No. 92-1 at 14) and includes them in his motion to compel. (See ECF No. 79 at 73-74.)

Defendant's motion for sanctions lacks merit.

## III.   ORDER

Accordingly, for the reasons stated, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel a further response to requests for production, set one, items 5, 6, 7, 8, and 12 (ECF No. 79) is GRANTED such that Defendant shall produce unredacted copies of her previously produced documents numbered bates 1-43, or provide a further response supporting objections, within twenty (20) days of service of this Order, Defendant may notify the non-party inmates involved and include their objections, if any, in her further response,

2. Plaintiff's motion for discovery sanctions (ECF No. 80) is DENIED, and

3. Defendant's motion for sanctions (ECF No. 92) is DENIED.

IT IS SO ORDERED.

Dated:   November 19, 2014          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

9