# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CATE, et al.,<br><br>　　　　Defendants. | Case NO. 1:10-cv-02348-LJO-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF NO. 98) |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. The action proceeds on an equal protection claim against Defendant Doran, Inmate Assignment Lieutenant at Kern Valley State Prison.

On November 10, 2014, the Court denied Plaintiff's motion to suppress and exclude the transcript of his July 29, 2014 deposition. On November 20, 2014, Plaintiff filed a motion for reconsideration of the November 10, 2014 order arguing that he is entitled to the transcript without cost.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.[1] Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). The motion must be brought within a reasonable time. Fed. R. Civ. P. 60(c)(1).

---

[1] Plaintiff cites Rule 59(e) as the basis for desired relief. However, Rule 60 is appropriate for reconsideration of an interlocutory order. Fed. R. Civ. P. 60; see *Bank of California, N.A. v. Arthur Anderson & Co.*, 709 F.2d 1174, 1176 (7th Cir. 1983) (substance controls in determining whether Rule 59 or Rule 60 applies); *Bank Leumi Trust Co., of New York v. Istim, Inc.*, 902 F.Supp. 46, 48 n.2 (S.D.N.Y. 1995) (Rule 59 not applicable to review of non-final order of district court).

1

Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon [the] prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff contends that he is entitled to the transcript without cost because he lacks the funds to pay for it. However, his motion to suppress deposition (ECF No. 87) does not request such relief.[2] If it had, the general rule, as stated in the November 10, 2014 order, would apply: a party's lack of funds alone does not entitle him to a free deposition transcript. Fed. R. Civ. P. 30(f)(3); see *Brant v. Principal Life and Disability Ins. Co.*, 195 F.Supp.2d 1100, 1108 (N.D. Iowa 2002) (defendant not required to provide plaintiff with a copy of his deposition free of charge).

Even if relief from this general rule might be justified where extenuating circumstances exist, such as inability to pay the fee, see e.g., *Schroer v. U.S.*, 250 F.R.D. 531, 537 (D. Colo. 2008), Plaintiff did not provide facts demonstrating his inability to pay for the transcript. Plaintiff is not proceeding in forma pauperis. ("IFP").[3] He did not provide the Court with the cost of the transcript and demonstrate that his trust account lacks sufficient funds.

Plaintiff has not demonstrated any error of fact or law in the November 10, 2014 order.

Accordingly, Plaintiff's motion for reconsideration (ECF No. 98) is DENIED.

IT IS SO ORDERED.

Dated:   December 3, 2014          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff's reply brief (ECF No. 90) request a free transcript as alternative relief. (ECF No. 90 at 2.)
[3] The November 10, 2014 order incorrectly states Plaintiff is proceeding IFP. (ECF No. 94 at 2:27-28.) Plaintiff does not have IFP status in this action.

2