UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>CATE, et al.,<br><br>    Defendants. | CASE NO. 1:10-CV-02348-LJO-MJS<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO REOPEN DISCOVERY<br><br>(ECF NO. 99.)<br><br>ORDER DENYING, IN PART, AND GRANTING, IN PART, PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF NO. 105.) |

**I.    PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. The action proceeds on an equal protection claim against Defendant Doran, Inmate Assignment Lieutenant at Kern Valley State Prison.

Before the Court are Plaintiff's November 21, 2014 motion to re-open discovery (ECF No. 99.) and Plaintiff's December 11, 2014 motion to compel (ECF No. 105.). Defendant opposed the motions (ECF Nos. 104 & 110.), and Plaintiff replied to the

oppositions (ECF Nos. 109 & 117.).  The motions are deemed submitted.  Local Rule 230(l).

## II. MOTION TO REOPEN DISCOVERY

Plaintiff seeks to reopen discovery for 60 days to require Defendant to respond to his request for production of documents, set three, seeking information regarding inmate Braggs, who Plaintiff believes is an African American inmate that had sexual relations with the female librarian.[1]  (ECF No. 99.)  Defendant opposes the motion arguing that: Plaintiff was not diligent in discovering the information through the discovery process; Plaintiff's failure to learn of inmate Braggs' existence until October 2014 does not constitute good cause for reopening; and, reopening would be futile because information regarding all library clerks has been produced and Defendant does not recall an African American inmate ever having been investigated for inappropriate librarian misconduct.

The Court has wide discretion to extend time, *Jenkins v. Commonwealth Land Title Ins. Co.,* 95 F.3d 791, 795 (9th Cir. 1996), provided a party demonstrate some justification for the issuance of the enlargement order.  Fed. R. Civ. P. 6(b)(1); *Ginett v. Fed. Express Corp.,* 166 F.3d 1213 at 5* (6th Cir. 1998).

Federal Rule of Civil Procedure 16(b)(4) allows the Court to modify its scheduling order for good cause.  The "good cause" standard focuses primarily on the diligence of the party seeking the amendment.  *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992).  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Id.*  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  *Id.*

---

[1] In Plaintiff's motion, he also requested additional time based on his need to file a motion to compel and to request a deposition transcript.  (ECF No. 99 at 2-3.)  In Plaintiff's reply, he withdraws both of these reasons.  (ECF No. 109 at 1-2.)  Therefore, the Court will only address Plaintiff's request for additional time to obtain information regarding inmate Braggs.

Here, Plaintiff has shown reasonable diligence in requesting the information. Plaintiff did not learn of inmate Braggs until approximately October 20, 2014 and then promptly requested information relating to Braggs from Defendant on October 28, 2014. (ECF No. 99 at 2, 5.) Defendant informed Plaintiff on November 7, 2014, that she was not going to respond because the request was "untimely." That very same date Defendant filed a motion to extend the time to respond to Plaintiff's other discovery requests which Defendant had received on October 27, 2014. (ECF No. 99, Ex. B & C.)

However, Defendant also avers that she has already produced requested records regarding all inmates who worked as library clerks during the relevant time, and they necessarily included information regarding inmate Braggs if he had worked in the library during that time; if he did not, then he would not be a subject of the request. In other words, if there were relevant records relating to Braggs requested by Plaintiff, Plaintiff has them. Plaintiff does not respond to this argument. Accordingly, Plaintiff's request to reopen discovery will be denied.

### III. MOTION TO COMPEL

#### A. Legal Standard

The discovery process is subject to the overriding limitation of good faith. *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981). Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, and for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. *E.g.*, *Grabek v. Dickinson*, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Mitchell v. Felker*, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); *Ellis v. Cambra*, 2008 WL

860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. *Grabek*, 2012 WL 113799, at *1; *Womack v. Virga*, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

Courts in the Eastern District of California have required, "at a minimum, [that] the moving party plaintiff has the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the defendant's responses are disputed, (3) why he believes the defendant's responses are deficient, (4) why the defendant's objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action." *Walker v. Karelas*, 2009 WL 3075575, at *1 (E.D. Cal. Sep. 21, 2009); *Brooks v. Alameida*, 2009 WL 331358, at *2 (E.D. Cal. Feb. 10, 2009).

The court must limit discovery if the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). "In each instance [of discovery], the determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 Advisory Committee's note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).

All grounds for objection must be stated "with specificity." *See Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 356 (D.Md. 2008) (boiler-plate objections waived any legitimate objections responding party may have had).

The responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

The requests and responses at issue are as follows:

4

**B.     Requests for Production**

**Request for Production No. 1:**  Any and all documents and electronically stored information in your possession and control that relate to inmate riots on the Kern Valley State Prison C-Facility for the period February 9, 2009 – October 2012.

**Response:**  Objection. The request is not relevant to the claims and defenses in this matter and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff alleges Defendant Doran violated his Equal Protection rights by not assigning him, or other African Americans, to law library clerk assignments. Plaintiff's claim is unrelated to any riots at Kern Valley State Prison's C-Facility. Documents relating to any riots are also not reasonably calculated to lead to admissible evidence of whether Defendant violated Plaintiff's Equal Protection rights relating to library clerk assignments. The request is vague as to the phrase "electronically stored information" because it is not clear what type of electronically stored information Plaintiff seeks. The request improperly assumes, without foundation, that inmate riots occurred between February 9, 2009 and October 2012. The request is vague and overbroad as to the phrase "relate to" because it is unclear the extent of the documents connecting to any potential inmate riots Plaintiff seeks. Additionally, because of the over breadth of the phrase "relate to," documents deemed confidential may be responsive, the disclosure of which would create a hazard to the safety and security of the institution and prison officials involved in maintaining safety and security. These confidential documents may include, investigations conducted regarding the causes of inmate riots, responses to inmate riots, disciplinary measures, the handling of inmate riots, and any aftermath. The request calls for information which inmates are not permitted to possess under California Code of Regulations, title 15, sections 3450(d) and 3321.

**Request for Production No. 2:**  Any and all documents and electronically stored information in your possession and control that relate to inmate malays on the Kern Valley State Prison C-Facility for the period February 9, 2009 – October 2012.

**Response:**  Objection. The request is not relevant to the claims and defenses in this matter and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff alleges Defendant Doran violated his Equal Protection rights by not assigning him, or other African Americans, to law library clerk assignments. Plaintiff's claim is unrelated to any "inmate malays" in Kern Valley State Prison's C-Facility. Documents relating to any "inmate malays" are also not reasonably calculated to lead to admissible evidence of whether Defendant violated Plaintiff's Equal Protection rights relating to library clerk assignments. The request is vague as to the phrase "electronically stored information" because it is not clear what type of electronically stored information Plaintiff seeks. The request improperly assumes, without foundation, that inmate "malays" occurred between February 9, 2009 and October 2012. The request is vague and overbroad as to the phrase "relate to" because it is unclear the extent of the documents connecting to any

potential "malays" Plaintiff seeks. Additionally, because of the over breadth of the phrase "relate to," documents deemed confidential may be responsive, the disclosure of which would create a hazard to the safety and security of the institution and prison officials involved in maintaining safety and security. These confidential documents may include investigations conducted regarding the causes of inmate fights, responses to inmate fights, responses to riots, disciplinary measures, the handling of inmate fights, and any aftermath. The phrase is vague as to the phrase "malays." The request calls for information which inmates are not permitted to possess under California Code of Regulations, title 15, sections 3450(d) and 3321. The request improperly assumes, without foundation, that inmate "malays" occurred between February 9, 2009 and October 2012 in the Kern Valley State Prison C-Facility.

**Request for Production No. 3:**  Any and all documents and electronically stored information in your possession and control that relate to inmate riots and/or malays on the D-Facility for the period December 2011 – October 2012.

**Response:**  Objection. The request is not relevant to the claims and defenses in this matter and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff alleges Defendant Doran violated his Equal Protection rights by not assigning him, or other African Americans, to law library clerk assignments. Plaintiff's claim is unrelated to any "inmate riots and/or malays" in Kern Valley State Prison's D-Facility. Documents relating to any "riots and/or malays" are also not reasonably calculated to lead to admissible evidence of whether Defendant violated Plaintiff's Equal Protection rights relating to library clerk assignments. The request is vague as to the phrase "electronically stored information" because it is not clear what type of electronically stored information Plaintiff seeks. The request is vague and overbroad as to the phrase "relate to" because it is unclear the extent of the documents connecting to any potential inmate riots and/or "malays" Plaintiff seeks. Additionally, because of the over breadth of the phrase "relate to," documents deemed confidential may be responsive, the disclosure of which would create a hazard to the safety and security of the institution and prison officials involved in maintaining safety and security. These confidential documents may include investigations conducted regarding the causes of inmate riots, responses to riots, disciplinary measures, the handling of inmate riots, and any aftermath. The phrase is vague as to the phrase "malays." The request is compound because it seeks documents "relating to" both "inmate riots" and "malays." The request calls for information which inmates are not permitted to possess under California Code of Regulations, title 15, sections 3450(d) and 3321. The request improperly assumes, without foundation, that inmate riots and/or "malays" occurred between December 2011 and October 2012 in the Kern Valley State Prison D-Facility.

**Request for Production No. 4:**  Any and all documents and electronically stored information in your possession and control that relate to an African American Inmate who was removed from the Kern Valley State Prison C-Facility Library Clerks position for suspicion of racketeering and having sex relations with the Librarian supervisor.

6

**Response:** Objection. The request is not relevant to the claims and defenses in this matter and is not likely to lead to the discovery of admissible evidence. Plaintiff alleges Defendant Doran violated his Equal Protection rights by not assigning him, or other African Americans, to law library clerk assignments. This claim is unrelated to a librarian supervisor's alleged sexual misconduct with another inmate. Documents relating to an alleged African American inmate who was removed from a library clerk position because of some misconduct are not reasonably calculated to lead to the discovery of admissible evidence. The request improperly assumes, without foundation, that an African American inmate "was removed from the Kern Valley State Prison C-Facility Library Clerks position for suspicion of racketeering and having sex ... " Specifically, Defendant disputes Plaintiff's assertion that the ethnicity of an inmate who purportedly engaged in a sexual relationship with a member of the library staff was African American. The request is vague as to the phrase "electronically stored information" because it is not clear what type of electronically stored information Plaintiff seeks. The request is vague and overbroad as to the phrase "relate to" because it is unclear the extent of the documents connecting to any potential inmate who was removed from the Kern Valley State Prison C-Facility library because of an internal investigation following an Administrative Segregation placement. The request is vague as to who the African American inmate is that Plaintiff references because there are many African Americans who have been inmates at Kern Valley State Prison. The request calls for information which inmates are not permitted to possess under California Code of Regulations title 15, sections 3450(d) and 3321. The request calls for information which would violate the privacy of third persons under California Civil Code sections 1798.24 and 1798.40.

Without waiving these objections, Defendant does not possess or have control over any responsive documents.

**Request for Production No. 5:** Any and all documents and electronically stored information in your possession and control that relate to CDC Forms 114-D Administrative Placement Order of the C-Facility Inmate Clerks who were placed in administrative segregation in 2009 under investigation for racketeering in the library and having sex relations with the librarian supervisor.

**Response:** Objection. The request is not relevant to the claims and defenses in this matter and is not likely to lead to the discovery of admissible evidence. Plaintiff alleges Defendant Doran violated his Equal Protection rights by not assigning him, or other African Americans, to law library clerk assignments. This claim is unrelated to inmate clerks "who were placed in administrative segregation in 2009 under investigation for racketeering in the library and having sex ... " Documents relating to inmate clerks "who were placed in administrative segregation in 2009 under investigation for racketeering in the library and having sex ... " are not reasonably calculated to lead to the discovery of admissible evidence. The request improperly assumes, without foundation, that multiple inmate clerks were investigated "for racketeering in the library and having sex relations with the librarian supervisor." The request is vague as to the phrase

7

"electronically stored information" because it is not clear what type of electronically stored information Plaintiff seeks. The request is vague and overbroad as to the phrase "relate to" because it is unclear the extent of the documents connecting to CDC Forms 114-D Administrative Placement Orders for Kern Valley State Prison's C-Facility clerks due to internal investigations following Administrative Segregation placements. The request calls for information which inmates are not permitted to possess under California Code of Regulations title 15, sections 3450(d) and 3321. The request calls for information which would violate the privacy of third persons under California Civil Code sections 1798.24 and 1798.40.

Without waiving these objections, Defendant does not possess or have control over any responsive documents.

### C. Analysis and Ruling

As an initial matter, Plaintiff filed his motion to compel on December 11, 2014 after the deadline for the close of discovery in this case. (ECF Nos. 77 & 105.) Given Defendant does not object to the motion on untimeliness grounds, and Plaintiff filed the motion approximately two weeks after receipt of the responses from Defendant, Plaintiff has shown diligence and good cause in filing the motion, and it will not be denied on untimeliness grounds.

Plaintiff asserts that Defendant must comply with his requests for production of documents, set two, numbers 1 - 5. (ECF No. 105.) Plaintiff argues that requests 1 – 3 are relevant to his allegation that Defendant's discrimination against African American inmates in regards to library positions "creates racial animosity that leads [sic] to racial violence "in the form of malays and riots." (ECF No.105 at 2-3.) Plaintiff argues that the information requested in requests 4 and 5: 1) go to Defendant's "state of mind" in excluding African Americans from librarian positions, 2) are within the control of Defendant or her employees or agents, and 3) are not protected by any privilege. (ECF No.105 at 4-5.)

Generally, Defendant opposes the motion on the grounds that the requests are vague, overbroad, and lack foundation, and the documents requested are irrelevant to Plaintiff's claim and contain protected confidential and private information. (ECF No. 110.) Specifically, Defendant argues that requests 1 – 3 are not relevant to Plaintiff's

8

claim and amount to a "fishing expedition," Plaintiff admits he never was injured or in an altercation with library clerks resulting from a lack of African American clerks, and the requests generally raise security concerns. (ECF No. 110 at 3-5.) Defendant argues that she does not have responsive documents to Plaintiff's requests 4 and 5 because "she does not recall any incidents" involving a C-Facility law librarian having inappropriate relations with an African American inmate. (ECF No. 110 at 6.)

With respect to requests 1 – 3, Defendant's objection based on relevancy is sustained. Plaintiff has not shown, and the Court cannot envision, how the occurrence of riots and/or melees as an aftermath to the alleged discrimination could be relevant to his claims.

Defendant's objection to producing documents responsive to requests 4 and 5 is overruled. Requests 4 and 5 are relevant to Plaintiff's claim because the information could lead to admissible evidence regarding Defendant's discriminatory intent; Plaintiff argues that Defendant began discriminating against African Americans because of a prior incident involving an African American inmate having inappropriate relations with a law librarian. Defendant's objection on grounds of institutional safety and security lacks factual support. *See Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (Defendants' conclusory objection of confidentiality is insufficient to shield them from producing discoverable documents). The personal information objection may have merit if the inmate who is the subject of the requested information declines to allow Plaintiff access to his personal information. 15 C.C.R. § 3450(a); *See also Whalen v. Roe*, 429 U.S. 589, 598–99 (1977) (the Due Process Clause of the Fourteenth Amendment protects individuals against the disclosure of personal matters). However, it is unclear this is the case here.

Lastly, Defendant asserts that she does not recall any suchincident, and therefore the information is not within her custody or control. However, Defendant's current lack of recollection regarding an investigation involving an African American inmate is not

9

conclusive of the non-existence of the requested information.  Defendant must conduct a diligent search of the files and documents within her possession, custody, and control and either produce any responsive documents or attest that no such documents exist after said search.  Fed. R. Civ. P. 34(a)(1); *Allen v. Woodford*, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (*citing In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995)) ("Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.").  Accordingly, Defendant shall produce or provide a further response supporting its objection to disclosure of the subject inmate's information, within the time provided below.

## IV.  ORDER

Accordingly, for the reasons stated, it is HEREBY ORDERED that:

1. Plaintiff's motion to reopen discovery is DENIED.
2. Plaintiff's motion to compel a further response to requests for production, set three is GRANTED, in part, and DENIED, in part.  Defendant shall produce responses to requests 4 and 5 or provide a further response supporting objections, within twenty (20) days of service of this Order.  Defendant may notify the non-party inmate(s) involved and include the objections, if any, in her further response.
3. Plaintiff has until **February 27, 2015** to file a supplemental opposition, if any, to Defendant's cross-motion for summary judgment.  Defendant shall file a reply, if any is to be filed, by **March 6, 2015**.

IT IS SO ORDERED.

Dated:   January 26, 2015              /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE