UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| GARRISON JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>CATE, et al.,<br><br>    Defendants. | Case No. 1:10-cv-02348-LJO-MJS<br><br>FINDINGS AND RECOMMENDATIONS TO:<br><br>DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>(ECF NO. 64)<br><br>GRANT DEFENDANT DORAN'S CROSS-MOTION FOR SUMMARY JUDGMENT<br><br>(ECF NO. 100)<br><br>GRANT, IN PART, AND DENY, IN PART, PLAINTIFF'S MOTION FOR JUDICIAL NOTICE<br><br>(ECF NO. 113)<br><br>DENY DEFENDANT'S MOTIONS TO STRIKE AND PLAINTIFF'S NOTICE OF ERRATA<br><br>(ECF NOS. 116, 119, 121)<br><br>FOURTEEN (14) DAY OBJECTION DEADLINE |

**I.     PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 28 U.S.C. § 1983. (ECF No. 8.) The action proceeds on Plaintiff's First

Amended Complaint against Defendant Doran on a Fourteenth Amendment Equal Protection claim.  (ECF Nos. 8 & 9.)

Before the Court are Plaintiff's June 16, 2014 motion for summary judgment (ECF No. 64.) and Defendant Doran's December 2, 2014 cross-motion for summary judgment (ECF No. 100.).  Both parties filed oppositions and replies.  (ECF Nos. 100, 112, & 116.)  Plaintiff filed a request for judicial notice of certain exhibits and a notice of errata.  (ECF Nos. 113 & 119.)  Defendant objected to and moved to strike a number of Plaintiff's declarations.  (ECF Nos. 116 & 121.)  Plaintiff responded to these objections. (ECF Nos. 120 & 122.)  The matters are deemed submitted. Local Rule 230(l).

## II.  LEGAL STANDARD – MOTION FOR SUMMARY JUDGMENT

Any party may move for summary judgment, and "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed R. Civ. P. 56(c)(1).

"Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  If the burden of proof at trial rests with the nonmoving party, then the moving party need only point to "an absence of evidence to support the nonmoving party's case." *Id.*  Once the moving party has met its burden, the nonmoving party must point to "specific facts showing that there is a genuine issue for trial." *Id.* (*quoting Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986)).

In evaluating the evidence, "the [C]ourt does not make credibility determinations or weigh conflicting evidence," and "it draws all inferences in the light most favorable to the nonmoving party." *Id.*

### III. FACTUAL BACKGROUND

The Court finds the following relevant facts are undisputed:

Plaintiff was an inmate at Kern Valley State Prison ("KVSP") from February 2009 until October 2012. He currently is an inmate at California State Prison – Los Angeles County. Defendant K. Doran was the Inmate Assignments Lieutenant at KVSP during the relevant time period. Defendant's position required her to ensure that inmate assignments were filled and ethnically balanced.

Prior to an inmate receiving a job, he is placed on the eligibility waiting list. When positions become available, Defendant reviews a computer printout of eligible inmates. Defendant selects the first available inmate for the position. If that inmate has requested another assignment, then Defendant will select the next eligible inmate for the position. If no eligible inmates are on the waiting list, the supervisor for the assignment may hire someone for the position. Once an inmate is assigned a job, he is removed from all waiting lists except for Education or Vocational positions.

Plaintiff held a porter job while at KVSP. Plaintiff was never on the waiting list to become a library clerk between 2009 and 2012. Defendant's only interaction with Plaintiff related to Plaintiff's CDCR Form 602 grievance in which he requested that inmate clerks in the C-Facility library be racially balanced. Defendant denied the grievance, informing Plaintiff that there were currently no vacant clerk positions, that she could not un-assign a current inmate to the position non-adversely, and that when a position opened, she would see if the African American inmate on the waiting list met the requirements.

3

## IV. DISCUSSION

### A. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) ("Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status."). Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race, religion, or alienage. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 40 (1973); *SeaRiver Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *Willowbrook*, 528 U.S. at 564.

### 1. Parties' Arguments

Defendant argues that Plaintiff does not have standing to state an Equal Protection claim because he has failed to prove an actual injury. Plaintiff never applied for a law library clerk position. He stated that he did not want the assignment and did

4

not want to be on the waitlist.  As a "Pre-Transfer" designee (meaning he was soon to be transferred out of KVSP) he was not eligible for that position.  Plaintiff's race was never a factor in any of these matters.  Plaintiff has not proven Defendant acted with discriminatory intent or purpose.

Plaintiff contends his grievance requesting that an African American be assigned to the library clerk position implied he wanted the position, and as such he has standing. Plaintiff disputes that his Pre-Transfer status prevented him from becoming a library clerk, but argues that even if it did, he was removed from that status in January 2010, and never placed on the clerk waitlist or given the position.  Finally, Plaintiff argues that no black inmates worked in the law library from November 8, 2009 to 2012, and Defendant's failure to provide a legitimate penological explanation for this fact demonstrates her discriminatory intent.

### 2. Analysis

Plaintiff lacks standing to state an Equal Protection claim.

At a bare minimum, standing requires that Plaintiff "show that [he] suffered an injury in fact, there was a causal connection between the injury and the conduct complained of, and the injury is likely to be redressed by a favorable decision." *Davis v. Yageo Corp.*, 481 F.3d 661, 673 (9th Cir. 2007) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Plaintiff concedes that an inmate would need to be on the eligibility waiting list in order to receive a library clerk position and that he was not on the list during the relevant time period.  Plaintiff has not demonstrated that he personally was injured by the lack of African American library clerks or that Defendant denied him an available position or a position on the waiting list.

Even if Plaintiff's grievance could be construed as a request for the position or to be placed on the waiting list, which Defendant disputes, neither of these results was available.  There were no vacant positions at the time, and Plaintiff does not dispute that

5

he held a porter job while at KVSP and that inmates with a job assignment are removed from all waiting lists except for Education or Vocational positions.

The Court therefore recommends that Plaintiff's motion for summary judgment be DENIED and Defendant's cross-motion for summary judgment be GRANTED.

### B. Mental and Emotional Distress

Defendant argues that Plaintiff is not entitled to damages for mental or emotion injuries because he has not proven a physical injury. *See* 42 U.S.C. § 1997e(e). Plaintiff agrees that he has not suffered any physical injury but contends that he nonetheless would be entitled to compensatory damages for the violation of his constitutional rights.

As discussed above, Plaintiff has not suffered any injury. Therefore, he is not entitled to damages.

### C. Injunctive Relief

Defendant argues that Plaintiff is not entitled to injunctive relief because he no longer is an inmate at the prison where she works and there is no evidence that he will return to that facility. Plaintiff does not respond to this argument.

It is undisputed that Plaintiff is no longer housed at KVSP, rendering moot injunctive relief against Defendant. *See Preiser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *see also Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991). Exposure to past harm is not a basis for injunctive relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983) ("[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." (quotations and citation omitted)).

### D. Qualified Immunity

Defendant argues that she should be granted qualified immunity because she did not violate Plaintiff's constitutional rights and acted reasonably under the circumstances. Plaintiff argues that Defendant Doran is not immune from liability because there is

6

evidence that she violated his constitutional rights.

Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In ruling upon the issue of qualified immunity, one inquiry is whether, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the [defendant's] conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001), overruled in part by *Pearson v. Callahan*, 555 U.S. 223 (2009) ("*Saucier* procedure should not be regarded as an inflexible requirement"). The other inquiry is "whether the right was clearly established." *Id.* The inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition . . . ." *Id.* "[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 202 (citation omitted). In resolving these issues, the Court must view the evidence in the light most favorable to Plaintiff and resolve all material factual disputes in favor of Plaintiff. *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Given the Court's recommendation that Defendant's motion for summary judgment be granted, the Court need not address the issue of qualified immunity.

**V.     MOTION FOR JUDICIAL NOTICE**

In relation to his opposition to Defendant's cross-motion for summary judgment and his reply to his motion for summary judgment, Plaintiff asks the Court to take judicial notice of four exhibits: three different sections of the California Code of Regulations and a KVSP Post Order regarding inmate assignments. (ECF No. 113.) Defendant did not respond to the request.

Federal Rule of Evidence 201 authorizes the Court to take notice of facts that are "not subject to reasonable dispute because . . . [they] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(a)-(b)(2). This authority includes laws, city ordinances, and opinion letters. *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006). The Court did not consider or find relevant the California Code sections in Exhibits B and C, and therefore the Court declines to take judicial notice of those documents. The Court takes judicial notice of Exhibits A and D, which discuss the process for filling vacant paid inmate assignments and the duties and responsibilities of an inmate assignment Lieutenant.

## VI. MOTIONS TO STRIKE

Plaintiff submitted a declaration with his opposition to Defendant's cross-motion for summary judgment and reply to his motion for summary judgment. (ECF No. 112.) Defendant objects and moves to strike paragraphs 11, 13, 14, 15, and 16 of Plaintiff's declaration on grounds that: 1) whether anyone informed Plaintiff that he was qualified to be on the clerk's waiting list is irrelevant given there were no vacant positions at the time of Plaintiff's grievance; 2) Plaintiff's synopsis of what other inmates would testify to at trial is inadmissible hearsay; and 3) Plaintiff lacks personal knowledge of the fact that there were available clerk positions in 2010, that Defendant failed to fill them with an African American, and that she began excluding African American's from the library after a sexual misconduct and racketeering incident. (ECF No. 116.)

Plaintiff responds that: 1) whether anyone informed him that he qualified to be on the clerk's waiting list disputes Defendant's contention that he was required to request placement on the list; 2) he has now attached a declaration from one of the inmates who plans to testify along with his own declaration in support of the other inmate's proposed testimony; and 3) he has personal knowledge of the other facts as evidenced by one of his fellow inmate's attached affidavits and the exhibits attached to his

8

opposition to Defendant's motion for summary judgment.

On January 30, 2015, Plaintiff filed a Notice of Errata, requesting that two additional declarations be considered in support of his opposition to Defendant's motion for summary judgment and correcting the inmate ID number for inmate Burch who submitted one of the declarations on behalf of Plaintiff. (ECF No. 119.) Defendant objects to the evidence as irrelevant, inadmissible character evidence, inadmissible hearsay, and not based on personal knowledge. (ECF No. 121.) Plaintiff responds that the declarations are evidence of Defendant's discriminatory intent, that they are admissible to show plan or design, and that they are made on the personal knowledge of what he witnessed and what inmate Burch heard inmate Braggs tell him. (ECF No. 122.)

None of these declarations are relevant to the issue of Plaintiff's standing in the case, which is the basis for the Court's recommendation to grant Defendant's cross-motion for summary judgment and deny Plaintiff's motion for summary judgment. Plaintiff concedes that he was required to be on a waitlist to be considered for the library clerk position, and that he was never on such a waitlist. Defendant's objections are well taken but the declarations have no bearing on these undisputed facts. Therefore, the Court recommends that Defendant's motions and Plaintiff's notice of errata be DENIED as unnecessary.

## VII. CONCLUSION AND RECOMMENDATIONS

The Court finds that there is no genuine issue of material fact as to Defendant Doran's liability. Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant's cross-motion for summary judgment (ECF No. 100.) be GRANTED and Plaintiff's motion for summary judgment (ECF No. 64.) be DENIED.

The Court also recommends that Plaintiff's motion for judicial notice of Exhibits A and D to his motion (ECF No. 113) be GRANTED and Exhibits B and C be DENIED.

9

Finally, the Court recommends Defendant's motions to strike and Plaintiff's notice of errata be DENIED. (ECF Nos. 116, 119, 121.)

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **fourteen** (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   March 19, 2015              /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE